■ In the Matter of JOSEPH JEROME H., a Child Alleged to be Permanently Neglected. JOSEPH BETANCOURT T., Appellant; TALBOT PERKINS CHILDREN'S SERVICES, Respondent. [637 NYS2d 401] —Order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered on or about November 4, 1994, terminating respondent's parental rights and transferring guardianship and custody of the subject child to petitioner agency and the Commissioner of Social Services for the purposes of adoption, following a fact-finding determination that respondent had permanently neglected the child, unanimously affirmed, without costs.

Testimony that petitioner agency maintained close and consistent communication with respondent, who was in a prison, by way of letters and telephone, continually consulted with

him concerning planning for the child's future, repeatedly informed him that he was required to name a viable discharge resource, investigated and reported on three potential relatives as resources, and kept him apprised of the child's progress in foster care, was sufficient to establish petitioner's diligent efforts to encourage and strengthen the parental relationship. The finding of permanent neglect was properly based on a failure to plan for the child's future where no suitable relatives were willing to assume custody of the child during respondent's remaining time in prison after the filing of the petition, which would have been a period of at least four years (*see, Matter of Gregory B.*, 74 NY2d 77). Respondent's belief, first voiced only after the filing of the petition, that he would be granted work release eight months after the dispositional hearing, and could then assume custody of the child, was unfounded both as a prediction of imminent work release privileges and as an evaluation of those privileges in facilitating child custody (*see*, 7 NYCRR 1900.3 [f]). The court's finding that it is in the child's best interests to free him for adoption by a foster family with whom he has lived since he was eight months old and that has been providing for his special needs was supported by a fair preponderance of the evidence (*see, Matter of Shaka Efion C.*, 207 AD2d 740). A suspended judgment was never requested by respondent, and in any event would have been unwarranted since a release time from prison no sooner than three years after the dispositional determination could not be considered "a brief grace period" (*Matter of Michael B.*, 80 NY2d 299, 311), and given that no real relationship existed between respondent and the child (*see, Matter of Shaka Efion C.*, 207 AD2d, *supra*, at 741). We have considered respondent's other claims and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.