■ In the Matter of KENNETH A. and Another, Children Alleged to be Permanently Neglected. CLINTON COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; KENNETH B., Appellant. [614 NYS2d 472] —Peters, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered February 10, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

The record details the extensive services provided to respondent and the children, born in January 1983 and July 1984, by petitioner from as early as September 1987. Child Protective Services subsequently became involved with this family as a result of a report from the State Central Register for Child Abuse and Maltreatment on February 2, 1988. The report was indicated for inadequate guardianship in March 1988. Other reports were subsequently made and indicated against respondent for lack of supervision and inadequate guardianship.

Various preventative services including mental health counseling, homemaker services and day care were provided to this family and, by June 9, 1988, pursuant to written stipulation, respondent voluntarily placed the children in the home of the paternal aunt who was later awarded temporary custody. The children were adjudicated neglected in January 1989 and custody was continued until the aunt voluntarily placed the children in foster care in February 1989 due to the deteriorating relationship between herself and respondent, as well as the unmanageable behavior of the children.

Pursuant to Social Services Law § 384-b, petitioner brought a petition requesting guardianship. A permanent neglect peti-

tion was thereafter filed on September 23, 1991. During the hearing on such petitions, respondent made extensive admissions which resulted in a fact-finding of permanent neglect and a disposition of suspended judgment.

On August 31, 1992, the Law Guardian, who had been involved with this family since 1988, petitioned Family Court for an order restoring the matter to the calendar. This petition was followed by a petition initiated by petitioner, dated September 24, 1992, to revoke the suspended judgment. Such matter was restored to the calendar and a hearing was held on November 18 and 19, 1992. In the interim, on September 24, 1992, a temporary order was issued imposing supervised visitation. From September 24, 1992 until the hearing was held, respondent failed to visit and/or contact the children or anyone else involved in the children's care.

By order entered February 10, 1993, Family Court found respondent to have permanently neglected the children, revoked the suspended judgment and ordered that his guardianship and custody rights be transferred to petitioner's Commissioner. Respondent contends that petitioner did not prove by a preponderance of the evidence that the suspended judgment was not complied with. We disagree.

Our review of the record reveals that throughout the years of receiving services, respondent has failed to integrate the teachings thereof into his emotional framework. It was evident to both Family Court and this Court that the goal of petitioner was to return the children to respondent and that the agency had worked diligently to accomplish such purpose. Notwithstanding the provision of a broad array of services, the record reflects that respondent failed to deal effectively with his explosive temper and angry outbursts through available mental health counseling, and continued to project blame on the children, the caseworkers or anyone else who did not agree with him. This pattern reemerged in respondent's failure to contact his children or anyone else involved in their care during the issuance of the temporary order, although seemingly able to do so.

We note that while respondent has attempted to comply with many of the literal provisions of the suspended judgment, testimony adduced at the hearing indicates that despite the efforts of petitioner, respondent is simply not capable of utilizing the services provided for their intended purpose. Respondent admitted that because of events in his own childhood he is unable to give positive expressions of affection to his children and that he has no trust or confidence in the

caseworkers or mental health professionals who have attempted to provide assistance. Moreover, by the testimony of the mental health professionals, caseworkers and foster parents, it is clear that a progressive schedule of visitation was designed and implemented to transition these children back into respondent's home. The record revealed that once implemented, resulting in extended visitation for several consecutive days and nights each week, the children's behaviors, attitude and emotional state regressed significantly as compared to their behavior when residing full-time in foster care. These children suffer from attention deficit disorder, ongoing depression and low self-esteem and had, after partial reintegration into respondent's home, regressed to the point of becoming almost nonverbal in a therapeutic setting. Respondent remained unable or unwilling to implement the obviously necessary changes to assist these children and change the family dynamics, choosing instead to abandon their emotional needs during the issuance of the temporary order. In its decision, Family Court observed that the bond between this father and his sons was forged in trauma with the "children forever wishing that their needs could be met, pleading, acting out and being repeatedly disappointed".

We find that in light of the record before us, sufficient evidence supports Family Court's determination that respondent failed to comply with the conditions of the suspended judgment *(see, Matter of Grace Q. [Paul Q.],* 200 AD2d 894). The record further supports the finding, unrefuted by respondent, that the best interests of these children require the commitment of guardianship and custody to petitioner's Commissioner to ensure an opportunity for placement in a permanent home *(see generally, Matter of Nathaniel T. [Kenneth T.],* 67 NY2d 838).

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.