■ In the Matter of John Gambino et al., Respondents, v Maria Vargas, Respondent, and Luis Vargas, Appellant. [619 NYS2d 203] —Yesawich Jr., J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered July 30, 1993, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of Jose Vargas and Mikel Vargas.

Respondents are the parents of twin boys, Mikel and Jose, born May 29, 1984. Because both respondents were hospitalized for mental illness when the twins were born, the children were placed in foster care with petitioners, persons unrelated to them. When the boys were 21 months old, they were returned to respondents and remained in their custody until November 1990, when the Westchester County Department of Social Services received an indicated report of neglect and maltreatment, and planned to remove them. Rather than have the children placed in foster care again, however, respondents voluntarily returned them to petitioners, who had remained in contact with the boys in the interim. At about the same time, both respondents were again hospitalized due to mental illness.

When, approximately a year later, in late 1991 or early 1992, respondents contacted petitioners and requested that the twins return home, it was agreed that it would be better for the boys to postpone the change until the end of the school year. Before that time arrived, though, in April 1992, petitioners commenced this proceeding seeking legal custody of the twins.

After hearing testimony from the parties and reviewing respondents' medical records along with the results of a court-ordered psychiatric evaluation, Family Court found that respondents' mental illness was an "extraordinary circumstance" warranting consideration being given to whether the children's best interests dictated a change in custody (see, Matter of Dickson v Lascaris, 53 NY2d 204, 208; Matter of Bennett v Jeffreys, 40 NY2d 543, 544). Petitioners were awarded custody and respondents were given reasonable visitation and communication with the children; respondent Luis Vargas (hereinafter respondent) appeals.

Respondent contends that Family Court erred in finding that his mental illness constituted an "extraordinary circumstance" because he is presently in "good remission", complying with treatment and able to care for his sons. We agree that mental illness should not be considered grounds for

interference with a parent's right to the custody of his or her child unless it presents a risk to the child's welfare *(see,* Social Services Law § 384-b [6] [a]; *Matter of Bennett v Jeffreys, supra,* at 546);* nevertheless, that standard has been met here.

It is undisputed that respondent's wife is more severely disabled than he, and is unable to watch over the children for more than a few hours at a time or to work outside the home, thus requiring respondent to bear responsibility for the financial stability of the family and also provide for the children's daily care. The nature of respondent's illness renders it highly unlikely that he will be able to do so, at least in the near future, as has been illustrated by his experiences since the twins' birth *(compare, Penders v Penders,* 139 AD2d 963, 964).

Respondent's periods of decompensation, for which he has been hospitalized three times since the children were born, have been linked to his inability to cope with the frustrations of daily life and to increased household stress. On at least one prior occasion, it was the loss of a job that triggered a relapse, resulting in a need for long-term hospitalization. It is not insignificant, in this regard, that respondent has found it difficult to obtain steady work and that his current occupation as a taxi driver does not guarantee employment on a regular basis. The condition of respondent's wife has been found to be an additional cause of stress. Finally, there is evidence that the children have been neglected during recent visits with respondents. These factors, considered together, provide ample basis for Family Court's conclusion that respondent's mental illness presently places the children at risk of becoming neglected *(see,* Social Services Law § 384-b [6] [a]; *cf., Matter of Jammie CC.,* 149 AD2d 822, 823), and therefore constitutes an extraordinary circumstance justifying a disposition in accord with their best interests *(see, Matter of Nellie R. v Betty S.,* 187 AD2d 597).

We also reject respondent's contention that Family Court erred in failing to follow the procedures set forth in Social Services Law § 384-b (6) for that section pertains to termination of parental rights, a matter not at issue here. In any event, given that respondent had an opportunity, which he specifically waived, to examine the court-appointed expert, he cannot now complain of the court's failure to elicit that expert's testimony. Similarly, having registered no objection to the court's consideration of certain reports and records, respondent has failed to preserve that issue for review.

Mikoll J. P., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.