■ In the Matter of JENNIFER VV. and Others, Children Alleged to be permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RHONDA VV., Appellant. [659 NYS2d 940] —Casey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 28, 1995, which granted petitioner's application, in a proceed-

ing pursuant to Social Services Law § 384-b, to, *inter alia,* find respondent in violation of a prior dispositional order.

Following the withdrawal of her answer denying the allegations of a September 1993 petition alleging that she had permanently neglected her four children, respondent's children were adjudged to be permanently neglected. This judgment, which was entered March 24, 1994, was suspended for a period of one year under certain terms and conditions that were imposed on respondent (*see,* Family Ct Act § 633; 22 NYCRR 205.50 [a], [b]). In February 1995, petitioner commenced this proceeding seeking to revoke the suspended judgment on the ground that respondent had failed to comply with several of its conditions. Following an evidentiary hearing, Family Court granted the petition and committed the children's custody and guardianship to petitioner. Respondent now appeals.*

A suspended judgment is, in effect, a "second chance" for a parent who has been found to have permanently neglected a child to complete the goals necessary to be reunited with the child (*see, Matter of Michael B.,* 80 NY2d 299, 311). Failure to comply with the terms and conditions set forth in the suspended judgment (*see,* 22 NYCRR 205.50) can lead to its revocation and the termination of parental rights, provided that noncompliance has been established by a preponderance of the evidence (*see, Matter of Jennifer T.,* 224 AD2d 843, 843-844; *Matter of Grace Q.,* 200 AD2d 894, 895). A parent's attempt to comply with the literal provisions of the suspended judgment is not enough; rather the parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the child (*see, Matter of Kenneth A.,* 206 AD2d 602, 603).

Testimony at the hearing revealed that several scheduled visitations were missed or canceled because respondent ran out of gas or did not have heat in her trailer, despite evidence that respondent had the means to obtain these necessities. When visits did occur, respondent failed to have any significant interaction with the children and she consistently neglected to prepare sheets given to her by petitioner's caseworkers to help her plan activities with her children. Furthermore, testimony indicated that on many occasions there were several days of dirty dishes in the kitchen, and on more than one occasion a dead rat was found in the home. This evidence establishes that respondent failed to comply with the conditions that she dem-

---

* A subsequent order was entered terminating respondent's parental rights and remanding the care and custody of the children to petitioner for adoption placement. Respondent has not appealed this order.

onstrate adequate and appropriate parenting skills at all visitation with her children and that she plan for their future by maintaining a clean and safe home environment for them.

Respondent was also required to ensure adequate living conditions by attending spending power programs and working on developing a realistic budget. Although respondent underwent financial counseling programs, evidence revealed that she neglected heating and other bills and, instead, spent family funds on personal luxuries. Furthermore, respondent specifically declined to make an appointment to get the results and recommendations of her mental health evaluation. While respondent did successfully comply with some of the conditions of the suspended judgment, her actions were not sufficient as she failed to show the required significant improvements in pertinent areas. The evidence instead shows that she was "simply not capable of utilizing the services provided for their intended purpose" (*Matter of Kenneth A., supra,* at 603). Giving due deference to Family Court's findings (*see, Matter of Jennifer T., supra,* at 845), and in light of the record before us, we find sufficient evidence to support the determination that respondent failed to comply with the conditions of the suspended judgment (*see, id.,* at 845; *Matter of Grace Q., supra; Matter of Israel R.,* 200 AD2d 498).

We also find that, in the absence of a timely objection, respondent has failed to preserve for this Court's review her contention that Family Court erred in allowing the introduction of testimony regarding the nature of the programs which petitioner mandated respondent to attend and her progress in those programs (*see,* CPLR 5501 [a] [3]; Family Ct Act § 1118; *Matter of Tracey v Tracey,* 235 AD2d 838; *Matter of Gambino v Vargas,* 209 AD2d 893, 894). In any event, and assuming that a foundation for the admission of such testimony is even required as contended by respondent, such foundational requirements were provided by the testimony of Lucia Sciore, a Tompkins County Mental Health Department employee who had evaluated respondent. Furthermore, any error was harmless as the finding that respondent failed to comply with the conditions of the suspended judgment was supported by independent admissible evidence (*see, Matter of Cynthia C.,* 234 AD2d 929).

For these reasons, and finding respondent's remaining contentions unpersuasive, we affirm.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.