◼ In the Matter of JONATHAN P., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REBECCA Q., Appellant, et al., Respondent. [724 NYS2d 213] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered November 29, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and, *inter alia*, terminated respondent's parental rights.

In December 1996, respondent's 11-month-old child was removed and placed in the custody of petitioner due to the alleged severe alcohol addiction of respondent Rebecca Q. (hereinafter respondent). Pursuant to Family Court Act § 1021, respondent voluntarily signed a consent to protective removal. At her initial appearance in the ensuing neglect proceeding, respondent voluntarily admitted, *inter alia*, that she was an alcoholic who recently relapsed into her addictive behavior. Based thereon, Family Court entered a finding of neglect. Respondent waived her right to a dispositional hearing and entered into a stipulation which, *inter alia*, included the completion of substance abuse treatment.

On February 26, 1999, petitioner filed a permanent neglect petition. Again, on her initial appearance, respondent admitted that she did not plan for the child's return home, that she refused to attend an inpatient alcohol rehabilitation program (although petitioner had made the necessary arrangements for her entry into such program) and that petitioner had made diligent efforts to reunite the family. These admissions formed the basis for Family Court's adjudication of permanent neglect.

Respondent waived a dispositional hearing and stipulated to the entry of a judgment terminating her parental rights, the judgment to be suspended upon various terms and conditions, including her immediate attendance at and successful completion of the inpatient alcohol treatment program previously arranged by petitioner.

Approximately six weeks thereafter, petitioner sought revocation of the suspended judgment based on respondent's refusal to enter and complete the inpatient alcohol treatment program. Following a fact-finding hearing, Family Court revoked the suspended judgment and terminated respondent's parental rights, finding that petitioner had established by a preponderance of the evidence that respondent failed to comply with the terms and conditions of the suspended judgment. Respondent appeals.

We affirm. The purpose of suspending judgment is to provide a parent who has been found to have permanently neglected his or her child with a grace period within which he or she can take steps to become a fit parent to be reunited with his or her child (see, Matter of Michael B., 80 NY2d 299, 311). When petitioner establishes by a preponderance of the evidence that there has been noncompliance with the terms of the suspended judgment, Family Court may revoke the suspended judgment and terminate parental rights (see, Matter of Jennifer T., 224 AD2d 843). A parent's attempt at literal compliance with the terms of the suspended judgment will not suffice. A parent must show that progress has been made to overcome the specific problems which led to the removal of the child (see, Matter of Jennifer VV., 241 AD2d 622, 623).

On this appeal, respondent argues, in essence, that she should be given a second opportunity to comply with the terms of the suspended judgment because she perceived the personnel at the alcohol rehabilitation program, at the initial interview, were abusive toward her. We find no merit to this argument since the record reveals no evidence, other than her own testimony, of such abusive conduct. Moreover, the record reveals that she made no complaint of such abusiveness to petitioner nor did she seek court relief with respect to this particular condition of the suspended judgment. On the contrary, the record reveals that the child was removed from her home because she could not adequately care for the child due to her untreated alcoholism, which condition remained untreated at the time of the hearing.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.