■ In the Matter of SKYLAR NN. and Others, Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; RICHARD NN., Appellant. [725 NYS2d 473]
—Carpinello, J. Appeal from an order of the Family Court of
Broome County (Hester, Jr., J.), entered May 1, 2000, which
granted petitioner's application, in a proceeding pursuant to
Social Services Law § 384-b, to revoke a suspended judgment
and, *inter alia*, terminated respondent's parental rights.

In June 1995, respondent's three children, born between
September 1989 and November 1993, were adjudicated ne-
glected children based upon Family Court's finding, *inter alia*,
that respondent had physically assaulted his wife, the chil-
dren's mother, in the children's presence. The children were
placed in foster care, a placement that was extended periodi-
cally, while respondent and the mother were directed to partic-
ipate in programs and cooperate with petitioner to remedy the
behavior that resulted in the removal of the children. In Feb-
ruary 1999, after years of little or no progress toward this goal
despite petitioner's diligent efforts, petitioner filed a perma-
nent neglect petition against respondent and the mother.

In June 1999, the mother voluntarily surrendered her
parental rights and respondent admitted all of the allegations
of the petition. Based upon his admission, Family Court
adjudicated the children to be permanently neglected and
terminated respondent's parental rights. The judgment was
suspended for six months, after which it was to be vacated if
petitioner proved that respondent had complied with its vari-
ous conditions. In October 1999, petitioner commenced this
proceeding to revoke the suspended judgment and terminate
respondent's parental rights based upon his noncompliance
with certain of its conditions, including the condition that he
admit to his past acts of domestic violence and participate in a
domestic violence counseling program. After an evidentiary
hearing, Family Court revoked the suspended judgment and
terminated respondent's parental rights, prompting this ap-
peal.

The suspended judgment, which was authorized by Family
Court Act §§ 631 and 633, provided respondent with a "second
chance" to complete the goals necessary to be reunited with his
children (*see, Matter of Michael B.*, 80 NY2d 299, 311). During
the period of the suspension, respondent was obligated to
"comply with [the] terms and conditions meant to ameliorate
the difficulty" (*id.*, at 311). While compliance can result in the
dismissal of a permanent neglect petition, "[n]oncompliance
may lead to revocation of the judgment and termination of
parental rights" (*id.*, at 311). Noncompliance must be estab-
lished by a preponderance of the evidence at an evidentiary
hearing (*see, Matter of Jennifer T.*, 224 AD2d 843).

According due deference to Family Court's findings following the evidentiary hearing in this case (*see, Matter of Kaleb U.*, 280 AD2d 710), we reject respondent's claim that the court erred in revoking the suspended judgment. Following the hearing, Family Court concluded that, despite the 1995 adjudication finding that he had engaged in a number of violent acts against the mother, respondent continued to maintain either that the acts of domestic violence did not occur or that, as to certain acts, he was not the aggressor. Family Court also found that respondent had made no progress in the domestic violence counseling program in that he had failed to take responsibility for his past incidents of domestic violence. Our review of the record discloses ample evidence to support these findings. Of note, respondent conceded at the hearing that his involvement in future incidents of domestic violence is indeed possible because he cannot control the behavior of *other* people. Inasmuch as "[a] parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (*Matter of Jennifer VV.*, 241 AD2d 622, 623), respondent's attendance at the domestic violence counseling program sessions, with no real progress toward overcoming his history of domestic violence, was insufficient to constitute compliance with the conditions of the suspended judgment (*see, Matter of Kenneth A.*, 206 AD2d 602, 603).*

We also reject the claim that Family Court erred in failing to order a mental evaluation of respondent (*see,* Family Ct Act § 251 [a]). Respondent appeared in court on a number of occasions over a period of years, including his appearance in June 1999 with counsel when he admitted the allegations of the permanent neglect petition. No question as to his mental capacity to proceed was raised until shortly before the January 2000 evidentiary hearing on the petition to revoke the suspended judgment, when respondent's counsel orally requested a mental evaluation as a result of his concern over respondent's capacity to assist in his defense. Counsel's concern was based upon respondent's apparent belief that he was the victim of a conspiracy. When asked whether he would be able to prepare for the hearing, counsel replied, "We can prepare * * * but I don't know how much control I will have over what [respondent] says. He has a rambling way of answering when there is a

---

* Respondent does not specifically challenge the termination of his parental rights, which was ordered after a dispositional hearing conducted after entry of the order revoking the suspended judgment. In any event, our review of the record discloses no basis to disturb Family Court's finding that termination of respondent's parental rights was in the best interests of the children (*see, Matter of Nicole OO.*, 262 AD2d 808).

question. * * * At the best of times, he is not the most accommodating and clear witness, and he injects conclusions and opinions into his answers." Notwithstanding counsel's concern, there is no evidence in the record which raised a viable issue as to respondent's mental health and, therefore, Family Court was not obligated to exercise its broad discretion to order a mental health evaluation (*see, Matter of Thompson v Thompson*, 267 AD2d 516, 519). Although counsel renewed the request at the conclusion of the hearing and again at the conclusion of the dispositional hearing, the record remained devoid of any evidence sufficient to raise an issue as to respondent's mental health.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.