*53 OPINION OF THE COURT
John M. Hunt, J.
Respondent, Lilliana B., has moved for an order dismissing this petition which alleges that she has failed to comply with the terms and conditions of a suspended judgment granted by this court on June 15, 2000, and which seeks an order terminating her parental rights to her son and an order committing guardianship and custody of the child to the petitioner, the Catholic Home Bureau, and the Commissioner of the New York City Administration for Children’s Services for the purpose of adoption.
By petition filed on August 26, 1999, petitioner, the Catholic Home Bureau, an authorized agency as defined by Social Services Law § 371 (10), alleged, inter alia, that the child, Jonathan B. (born Aug. 12, 1993), had been permanently neglected by his mother, Lilliana B. (see, Social Services Law § 384-b [7] [a]).* **§On May 2, 2002, the parties appeared before this court. Ms. B. appeared with counsel who was assigned to represent her pursuant to Family Court Act § 262 (a) (iv). Upon the consent of all parties, Ms. B. entered an admission that she had permanently neglected Jonathan in that she failed to maintain regular and continuous contact with him in the year prior to the filing of the petition despite the diligent efforts of the Catholic Home Bureau to assist her in maintaining contact with the child (see, Social Services Law § 384-b [7] [a]; Matter of Orlando F., 40 NY2d 103, 110; Matter of Star Leslie W., 63 NY2d 136, 142-143; Matter of Gregory B., 74 NY2d 77, 87). The court proceeded to disposition and, upon the further consent of the parties and the Law Guardian, judgment was suspended as to the mother for a period of eight months upon the conditions that she: (i) keep all scheduled visitations with the child; (ii) that she participate and attend therapy sessions for the child at least monthly; and (iii) that she put forth a good-faith effort to control the child during agency-supervised visitation. The order suspending judgment contains additional conditions *54 which provide for subsequent unsupervised day visitation and weekend visitation between Ms. B. and Jonathan as well as for a trial discharge of Jonathan to her custody when appropriate (Family Ct Act § 631 [b]; § 633; 22 NYCRR 205.50).
The court directed that counsel for the petitioner submit a proposed order for signature by the court and the order was signed on June 15, 2000 (see, 22 NYCRR 205.15). In accordance with 22 NYCRR 205.50 (b) the order contained the requisite warning that a failure to comply with the terms and conditions of the suspended judgment could lead to its revocation and to the issuance of an order committing guardianship and custody of the child to the agency. Additionally, in accordance with the regulation, a copy of the order suspending judgment and the terms and conditions were ordered to be served upon the mother (see, id.).
On February 28, 2001, the agency filed this petition alleging that Ms. B. has failed to comply with the terms and conditions of the May 2, 2000 suspended judgment. Petitioner seeks an order revoking the suspended judgment and an order terminating the mother’s guardianship and custody of the child and the commitment of those rights to the agency and the Commissioner of Social Services for the purpose of adoption.
In support of the petition for revocation the agency alleges, in pertinent part, that the mother has failed to visit Jonathan consistently, that she has failed to attend therapy sessions with the child, and that she has not become financially independent of her paramour, despite the agency’s efforts to assist her in that regard.
Respondent mother has moved for dismissal of the petition upon the ground that it was filed after the period of the suspended judgment.
A suspended judgment is one of the permissible dispositions in a termination of parental rights proceedings where the court finds that a child has been permanently neglected (Family Ct Act § 631 [b]; § 633), and it is designed to permit parents to continue to prepare themselves for reunification with their children (Matter of Michael B., 80 NY2d 299, 311; Matter of Joseph Jerome H., 224 AD2d 224, 225; Matter of Jennifer VV., 241 AD2d 622, 623; Matter of Kaleb U., 280 AD2d 710, 712; Matter of Jonathan P., 283 AD2d 675, 676; Matter of Shawna DD., 289 AD2d 892, 893-894). It is well established that a parent’s failure to comply with the terms and conditions imposed upon a suspended judgment is grounds for its revocation and the commitment of guardianship and custody of the *55 child to an authorized agency (Matter of Ernestine P., 292 AD2d 612, 613; Matter of Shawna DD., 289 AD2d at 894; Matter of Brendan A., 278 AD2d 784, 785; Matter of Robert T., 270 AD2d 961, lv denied 95 NY2d 758; Matter of Gordon M., 281 AD2d 920, lv denied 96 NY2d 717; Matter of Veronica W., 289 AD2d 1055, 1056, lv denied 97 NY2d 613; Matter of William Ralph T., 286 AD2d 441, lv denied 97 NY2d 608; Matter of Ishia Marie W., 292 AD2d 535, 536).
While compliance with the terms and conditions of a suspended judgment “may lead to dismissal of the termination petition” (Matter of Michael B., 80 NY2d at 311; see, Matter of Skylar NN., 284 AD2d 595, 596, lv denied 96 NY2d 722), the statute and rule provide no procedural mechanism for the disposition of a termination petition where there has been no intervening application to revoke, revise, modify or enlarge the terms and conditions of the suspended judgment prior to the date of its expiration (22 NYCRR 205.50 [d], [e]). Courts have determined that the expiration of a suspended judgment does not automatically result in the termination of parental rights and the commitment of the child unless there is specific language in the court’s order providing for that result (Matter of Josh Ray O., 267 AD2d 1048; Matter of Jennifer D., 172 AD2d 1023; Commissioner of Social Servs. [T./C. Children] v Rufelle C., 156 Misc 2d 410, 414). In some instances, the court order which suspends judgment places an affirmative obligation on the parent to file a petition to demonstrate compliance with the terms and conditions of the suspended judgment prior to its expiration date (e.g., Matter of Willie W., 206 AD2d 868, lv denied 84 NY2d 809; Matter of Wendy F. v Onondaga County Dept. of Social Servs., 273 AD2d 927, 928).
In this case, the suspended judgment expired by its terms on January 2, 2001, which was eight months after the date the suspended judgment was granted in open court. The agency’s petition alleging violation of the suspended judgment and seeking guardianship and custody of the child was not filed until February 28, 2001, which is subsequent to the expiration of the suspended judgment. Given the absence of any language in the court order providing for the automatic termination of the mother’s parental rights upon the expiration of the suspended judgment period, and given the absence of any language requiring that the mother file a petition to demonstrate her compliance with the terms and conditions of the suspended judgment, this court must conclude that the agency’s petition is untimely. In this case had the agency not filed a violation petition the *56 child’s legal status would have remained unresolved since the child is neither freed for adoption, nor is he discharged from foster care to his parent.
The statute makes clear that a suspended judgment is intended to be in effect for not more than 12 months unless extended by the court (Family Ct Act § 633; Matter of Michael B., 80 NY2d at 311; Matter of Nicole OO., 262 AD2d 808, 810). A suspended judgment is not intended to exist in perpetuity or until such time as the agency decides that it is convenient to file a petition alleging its violation, a result which would deprive both the child and the parent of permanence and certainty for it would leave open the possibility that a child care agency could seek a finding that the suspended judgment has been violated and request commitment of guardianship and custody long after the suspended judgment was entered. Such an outcome is contrary to public policy which favors providing children with permanent and stable homes at the earliest possible opportunity (Social Services Law § 384-b [1] [a], [b]; Matter of Gregory B. v Gregory F., 74 NY2d 77, 90; Matter of Michael B., 80 NY2d at 310; see also, Matter of Marino S., 293 AD2d 223 [Federal Adoption and Safe Families Act designed to expedite permanency planning]).
While this court is unable to proceed upon the agency’s violation petition because it was not timely filed, the court retains jurisdiction to enter orders with respect to the custody and best interests of the child who remains placed in foster care (Matter of Michael B., 80 NY2d at 311; see, Family Ct Act § 1055; Social Services Law § 392 [6]). This jurisdiction includes the authority to direct that a petition for the termination of parental rights be filed by a Commissioner of Social Services or authorized agency on behalf of a child (Family Ct Act § 1055 [d]; Matter of Dale P., 84 NY2d 72, 81), although this court makes no such direction at this time.
It is therefore ordered that respondent’s motion to dismiss the petition alleging violation of the terms and conditions of the suspended judgment granted on May 2, 2002 as untimely filed is granted; and it is further ordered that this order of dismissal is without prejudice to the filing of a further petition pursuant to Social Services Law § 384-b if one of the grounds specified in the statute presently exists (see, Social Services Law § 384-b [4] [a]-[e]). Petitioner and the Commissioner of the New York City Administration for Children’s Services are hereby directed to expeditiously determine whether there are *57 grounds for the filing of a new petition pursuant to Social Services Law § 384-b.

 In addition to the allegation that the mother has permanently neglected Jonathan, the petition alleged that Jonathan has been abandoned by his putative father, Carlos S., and abandoned by Miguel T., the husband of Ms. B. and the presumptive father of the child (see, Domestic Relations Law § 111 [1] [b]; [2] [a]; § 111-a [1], [2]; Social Services Law § 384-b [5]). The petition was eventually withdrawn as to Miguel T. who died in July 1999, and a finding was entered that the consent of Carlos S. to the child’s adoption was not required and that he was given, proper notice of these proceedings (see, Domestic Relations Law § 111 [1] [d]; § 111-a [1]; Social Services Law § 384-c).