■ In the Matter of ONELIO OLVEIN ELIJAH VIDAL ONDALIS SANTIAGO C., a Child Alleged to be Permanently Neglected. COLLEEN VERONICA P.C., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [785 NYS2d 453]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about October 16, 2002, which, to the extent appealed from, upon a finding of permanent neglect and a further finding that respondent mother violated the terms of a suspended judgment, terminated respondent's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commission of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's findings that respondent, by failing to aggressively seek suitable

family housing and failing to cooperate with petitioner agency's meaningful efforts to help her secure such housing, had not satisfied conditions upon which continuation of the suspended judgment previously issued in this matter depended (*see Matter of Terry L.G.*, 6 AD3d 1144 [2004]). Contrary to respondent's contention, there were no exceptional circumstances warranting continuation of the suspended judgment (*see Matter of Michael B.*, 80 NY2d 299, 310-311 [1992]). The evidence established that respondent's failure to obtain suitable local housing was attributable to her highly particular notions of what amenities such housing should include and to her undisclosed intention to move to Georgia, rather than factors beyond her control.

The finding that termination of respondent's parental rights was in the subject child's best interests was supported by a preponderance of the evidence (*see Matter of Amanda Crystal Juton A.*, 6 AD3d 314 [2004]). Respondent, although afforded the opportunity to do so, had not met her basic parental obligation to provide a suitable home for her child, and the caseworker's testimony established that the child's long-term foster home was a happy one in which his needs, some of them involving special medical care, were met. Concur—Nardelli, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.