■ In the Matter of James E. and Another, Children Alleged to be Permanently Neglected. Tioga County Department of

SOCIAL SERVICES, Respondent; TANYA F., Appellant. [793 NYS2d 265]—

Cardona, P.J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered September 30, 2003, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to terminate respondent's parental rights.

Respondent's children, Joseph and James, were immediately removed from her care following their birth in 1999 and, subsequently, respondent's parents petitioned for and received custody. In January 2000, respondent consented to a finding of neglect and, as a result, an order of supervision was entered requiring respondent to fulfill various terms and conditions. Thereafter, in November 2000, respondent's parents voluntarily relinquished custody of the children to petitioner. In April 2001, petitioner sought termination of respondent's parental rights on various grounds. Respondent appeared in the proceeding and admitted to permanently neglecting the children. As a result, Family Court entered a six-month suspended judgment, again ordering compliance with all the court-ordered terms and conditions contained in the January 2000 order of supervision, as well as some additional conditions.

In March 2002, petitioner filed a petition alleging violations of some of the terms and conditions contained in the suspended judgment. Based upon stipulation, placement of the children was extended to December 18, 2002. On October 23, 2002, petitioner filed an extension of placement petition resulting in Family Court granting a temporary extension in November 2002 pending further order of the court. Subsequently, in January 2003, petitioner filed an order to show cause seeking, inter alia, a dispositional hearing in order to terminate respondent's parental rights. After considering all of the evidence, Family Court granted that relief determining that it would be in the children's best interests to do so.

Initially, we are unpersuaded by respondent's claim that Family Court erred in terminating her parental rights without engaging in a de novo review of the neglect issue due to the fact

that petitioner filed its extension of placement request less than 60 days prior to the December 2002 expiration of the current placement (*see* Family Ct Act § 1055 [b] [i]). Notably, inasmuch as respondent did not raise a timeliness issue before Family Court, that argument has not been preserved for appellate review (*see Matter of Katy Z.*, 265 AD2d 932 [1999]). Here, Family Court did not address any issues relating to the extension petition, holding instead that the resolution of the termination petition rendered consideration of the extension petition moot. Under the circumstances, we find no basis to disturb that determination in the interest of justice.

Next, we conclude that there is no merit to respondent's various arguments challenging evidentiary rulings by Family Court. Notably, while respondent argues that Family Court erred in admitting the subject children's individualized educational plans into evidence, respondent withdrew her objection to the admission of those documents at the hearing. Therefore, the issue is not preserved for review (*see Calix v New York City Tr. Auth.*, 14 AD3d 583, 585 [2005]). Furthermore, Family Court did not err in admitting petitioner's service plans inasmuch as they were certified by petitioner's supervisor and met the requirements of CPLR 4518 (c). Additionally, respondent argues that Family Court improperly admitted the service plans without redacting portions thereof, however, respondent failed to preserve that issue by objecting at trial (*see Matter of Borggreen v Borggreen*, 13 AD3d 756, 757 [2004]).

Respondent also takes issue with petitioner's production of evidence concerning an incident involving an injury to one of the subject children while under respondent's care that apparently took place after the order to show cause was filed. Inasmuch as the primary concern in a dispositional hearing is the best interests of the child, the inquiry must be based upon current information (*see Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 603 [1993]; *Matter of Katrina W.*, 171 AD2d 250, 257 [1991], *appeal dismissed* 79 NY2d 976 [1992], *cert denied* 506 US 876 [1992]) and, therefore, we find no error.

Turning to the merits, suspended judgments afford "a 'second chance' for a parent who has been found to have permanently neglected a child to complete the goals necessary to be reunited with the child" (*Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]; *see Matter of Shawna DD.*, 289 AD2d 892, 893-894 [2001]; *Matter of Skylar NN.*, 284 AD2d 595, 596 [2001], *lv denied* 96 NY2d 722 [2001]). If a neglectful parent has failed to comply with the terms and conditions of a suspended judgment,

Family Court is permitted to terminate his or her parental rights as long as noncompliance has been demonstrated by a preponderance of the evidence (*see Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]; *Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). Significantly, "[a] parent's attempt to comply with the literal provisions of the suspended judgment is not enough; rather the parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Jennifer VV.*, *supra* at 623).

Here, through exhibits and testimony, petitioner established that respondent failed to comply with certain terms and conditions of the suspended judgment. Specifically, while respondent correctly points out that she did satisfy some of the terms and conditions, it was shown that, among other things, she did not properly complete the parent aide program nor her mental health and domestic violence counseling. Additionally, respondent neglected to attend a program that she unilaterally substituted for the family services program to which she had been assigned. Family Court very carefully reviewed all of the evidence to determine whether respondent had made meaningful progress in complying with the terms and conditions in the order so as to establish that she could adequately care for the children. Although the court acknowledged that respondent had made some significant changes in her life, it nonetheless determined that her efforts were not sufficient when considering the children's best interests and their entitlement to permanency in their lives. Under the circumstances herein, given the deference we accord to Family Court's determinations, we cannot say that the court abused its discretion.

The remaining arguments raised by respondent have been examined and found to be either lacking in merit or unpreserved for appellate review.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.