■ In the Matter of FREDERICK MM., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE OO., Appellant. In the Matter of FREDERICK MM., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALONZO MM., Appellant. (And Two Other Related Proceedings.) [805 NYS2d 160]—

Cardona, P.J. Appeals from four orders of the Family Court of Ulster County (Nichols, J.), entered January 10, 2005, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to revoke four suspended judgments, and terminated respondents' parental rights.

Respondents are the biological parents of two children (born in 1997 and 1999) who have been adjudicated neglected and have been in the same foster care placement since February 2001. Following commencement of the instant permanent neglect proceedings, respondents admitted to the allegations of permanent neglect and acknowledged petitioner's diligent efforts to encourage the parental relationship (*see* Social Services Law § 384-b [7] [a]). As a result, Family Court (Meddaugh, J.), adjudicated the children to be permanently neglected and suspended the judgments upon certain terms and conditions (*see* Family Ct Act § 631 [b]; § 633; 22 NYCRR 205.50). Petitioner subsequently moved to have the suspended judgments revoked, alleging, among other things, that respondents had failed to participate in required mental health counseling and failed to obtain safe and adequate housing. Family Court (Nichols, J.), granted petitioner's applications, revoked the suspended judgments and terminated respondents' parental rights. Respondents now each appeal.

"[S]uspended judgments afford 'a "second chance" for a parent who has been found to have permanently neglected a child to complete the goals necessary to be reunited with the child' " (*Matter of James E.*, 17 AD3d 871, 873 [2005], quoting *Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]; *see Matter of Skylar NN.*, 284 AD2d 595, 596 [2001], *lv denied* 96 NY2d 722 [2001]). However, a parent's noncompliance with the terms of the suspended judgment, if established by a preponderance of the evidence (*see Matter of James E., supra* at 873-874; *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]), may result in revocation of the judgment and termination of parental rights (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see e.g. Matter of James E., supra* at 874; *but see Matter of Amber AA.*, 301 AD2d 694, 697-698 [2003]).

In the instant case, respondents were required to engage in certain mental health counseling pursuant to the terms of the

suspended judgments. Respondent Christine OO. (hereinafter the mother) attended her recommended counseling on a sporadic basis. Moreover, the record indicates that she was often reticent about abiding by the treatment recommendations of petitioner's staff and failed to progress in her therapy. Respondent Alonzo MM. (hereinafter the father) admittedly did not attend a recommended mental health evaluation and his proffered excuse of an inability to pay is belied by this record. Again, we reiterate that, when determining compliance with a suspended judgment, it is the respondent's obligation to " 'demonstrate that progress has been made to overcome the specific problems which led to the removal of the child[ren]' " (*Matter of James E., supra* at 874, quoting *Matter of Jennifer VV., supra* at 623; *accord Matter of Thomas JJ.*, 20 AD3d 708, 711 [2005]).

Additionally, the terms of the suspended judgments required that respondents "[m]aintain safe and adequate housing approved by [petitioner]." However, evidence was submitted indicating that the mother resided in an "extremely small" one-bedroom apartment that was unsuitable for her and the children. Despite the fact that the mother had been notified of petitioner's concerns regarding her residence, the record does not reflect any meaningful attempts on her part to secure another home, notwithstanding her eligibility for subsidized housing (*compare Matter of Sean F.*, 155 AD2d 775, 776 [1989]). As to the father, the record reveals a level of uncertainty concerning his precise living arrangement but, in any event, he maintained that he resided in a trailer with his parents and four other children. The father acknowledged that housing the children in that trailer would result in a "pretty tight situation" and, moreover, he admitted that his parents were unwilling to accept the children into their home. Notably, the failure to obtain appropriate housing as required can, alone, constitute grounds for the revocation of a suspended judgment (*see e.g. Matter of Onelio Olvein Elijah Vidal Ondalis Santiago C.*, 13 AD3d 95, 95-96 [2004]). Deferring to Family Court's factual determinations (*see Matter of Thelonius BB.*, 299 AD2d 775, 776 [2002]; *Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]), and under the circumstances presented, we see no basis to disturb Family Court's conclusion that respondents violated the terms of the suspended judgments.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.