■ In the Matter of Edward GG., a Permanently Neglected Child. Broome County Department of Social Services, Respondent; Jennifer HH., Appellant. [826 NYS2d 824]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 1, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of the subject child, Edward GG. (born in 1999), who was adjudicated to be a neglected child in October 2000 and placed in petitioner's custody in August 2001. Petitioner commenced a permanent neglect proceeding in June 2003, seeking the termination of respondent's parental rights so that the child could be placed for adoption. Family Court adjudicated Edward to be a permanently neglected child and terminated respondent's parental rights but suspended its judgment for a period of six months.* The court conditioned the suspension on, among other things, respondent's cooperation with petitioner's recommendations for substance abuse treatment and her abstention from substance abuse. After multiple extensions, petitioner filed a petition in February 2005, seeking revocation of the suspended judgment on the ground that respondent failed to comply with the terms and conditions of the judgment. Following a fact-finding hearing, Family Court revoked the order of suspended judgment and terminated respondent's parental rights. Respondent appeals and we now affirm.

The purpose of a suspended judgment is to provide an opportunity to a parent who has permanently neglected his or her child to complete the goals necessary to be reunited with the child (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of James E., 17 AD3d 871, 873 [2005]). The "parent's noncompliance with the terms of the suspended judgment, if established by a preponderance of the evidence, may result in revocation of

* The father's parental rights were also terminated, following a trial, in April 2004.

the judgment and termination of parental rights'' (*Matter of Frederick MM.*, 23 AD3d 951, 952 [2005] [citations omitted]; *see Matter of Michael B., supra* at 311). Here, the record reveals that respondent frequently refused to comply with the suggestions regarding substance abuse treatment and parenting advice provided by petitioner's caseworker and the parent aide assigned to the case. In addition, respondent was repeatedly incarcerated, violated her parole by possessing alcohol and marihuana in her home, admittedly relapsed into illegal drug use and, despite the repeated extensions of the suspended judgment, failed to complete required parenting classes and substance abuse programs. Under these circumstances, Family Court's determination that respondent violated the terms of the suspended judgment is supported by a preponderance of the evidence and we agree that termination of respondent's parental rights so that the child may be adopted is in the child's best interests (*see Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]; *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]; *cf. Matter of Amber AA.*, 301 AD2d 694, 697-698 [2003]).

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.