■ In the Matter of JONATHAN J., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LESLIE J., Appellant. [849 NYS2d 330]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 20, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and terminate respondent's parental rights.

Respondent is the father of the subject child (born in 2000), who has been in foster care since petitioner removed the child from the mother's care with her consent in September 2003. Respondent admits that he was incarcerated from October 2003 until March 2007 upon his conviction of attempted sexual abuse. In 2005, the child was adjudged to be permanently neglected after respondent and the mother, with the aid of counsel, admitted the allegations contained within the permanent neglect petition. The judgment was suspended for 12 months. Thereafter, the mother's parental rights were terminated.

In October 2006, petitioner sought to terminate the suspended judgment as to respondent. Petitioner argued that extension of the judgment, which was to expire approximately one week after the filing of the petition, was not warranted. Family Court directed respondent to submit an affidavit in support of his

request for a one-year extension. Following a hearing, the court found that there were no exceptional circumstances warranting extension of the suspended judgment, terminated respondent's parental rights and ordered the child to be freed for adoption. Respondent appeals and we now affirm.

The purpose of a suspended judgment is to give "[p]arents found to have permanently neglected a child . . . a second chance, where the court determines it is in the child's best interests, but that opportunity is strictly limited in time" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992] [citation omitted]). As respondent concedes, the maximum duration of a suspended judgment is one year unless "exceptional circumstances" require extension of the judgment for one additional year (Family Ct Act § 633 [b]; *see Matter of Michael B.*, 80 NY2d at 311). In that regard, "[a] parent's attempt to comply with the literal provisions of the suspended judgment is not enough; rather[,] the parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]; *see Matter of Frederick MM.*, 23 AD3d 951, 953 [2005]; *Matter of Travis A.*, 4 AD3d 632, 633-634 [2004], *lv denied* 2 NY3d 706 [2004]).

Here, while respondent did comply with the provision of the suspended judgment requiring that he obtain sex offender treatment while in prison, there is no indication in the record that he benefitted from that counseling or made meaningful progress to overcome the problems preventing return of the child. Respondent remained incarcerated at the time of the requested extension and, immediately upon his release, planned on living at a shelter where children are not allowed. Furthermore, he admitted that he was likely to be classified as a risk level three sex offender, prohibiting him from having contact with children. While respondent speculated that a waiver may be available to allow him to take custody of the child—whom he had not seen in three years—he presented no proof that such a waiver had been granted. In light of the foregoing, we cannot say that Family Court abused its discretion in determining that there are no exceptional circumstances warranting extension of the suspended judgment and we agree that termination of respondent's parental rights is in the child's best interests (*see Matter of Frederick MM.*, 23 AD3d at 953; *Matter of James E.*, 17 AD3d 871, 874 [2005]; *Matter of Onelio Olvein Elijah Vidal Ondalis Santiago C.*, 13 AD3d 95, 96 [2004]; *cf. Matter of Amber AA.*, 301 AD2d 694, 696-698 [2003]).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.