Stein, J.
Appeals (1) from an order of the Family Court of Chenango County (Campbell, J.), entered July 26, 2006, which granted petitioner’s application, in proceeding No. 1 pursuant to Family Ct Act article 10, to hold respondent in violation of a prior order, and (2) from an order of said court, entered May 31, 2007, which granted petitioner’s application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of respondents’ child.
*960 Respondent Justin S. (hereinafter the father) is the father of the subject child (born in 2005). In January 2006, the father consented to a finding of neglect against him based upon his failure to provide for the child’s safety and well-being and, upon such finding, to a suspended judgment. As a result, a suspended judgment was imposed by Family Court that included, among others, conditions that required him to maintain a stable residence, allow access to his residence for inspection by petitioner in proceeding No. 1, the Chenango County Department of Social Services (hereinafter DSS), and follow all recommendations resulting from evaluations pertaining to treatment and counseling for anger management and drug and alcohol abuse.
Approximately one month after entry of the suspended judgment, DSS commenced the first of these proceedings alleging a violation of the suspended judgment based upon the father’s failure to comply with the terms set forth therein. After a hearing, Family Court found that the father was noncompliant and vacated the suspended judgment.
Linda LL., the subject child’s maternal grandmother (hereinafter the grandmother), commenced the second of these proceedings seeking custody of the child. The child had been placed with the grandmother since July 2005, when the child was four months old. Family Court awarded the grandmother custody of the child after finding that permanent placement with her served the child’s best interests and awarded unsupervised visitation to respondent Sara MM. (hereinafter the mother). The father was awarded supervised visitation with the child. Respondent appeals from both the order vacating the suspended judgment in proceeding No. 1 and the order of custody and visitation in proceeding No. 2. We affirm.
Initially, we find that Family Court properly determined that the father was in violation of the terms of the suspended judgment. It is well settled that a court may revoke an order of a suspended judgment upon a showing by a preponderance of the evidence that a parent violated the suspended judgment (see Family Ct Act § 1071; Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Edward GG., 35 AD3d 1144, 1144-1145 [2006]; Matter of Frederick MM., 23 AD3d 951, 952 [2005]). “[Lateral compliance with the terms of the suspended judgment will not suffice [to prevent a finding of a violation]. A parent must show that progress has been made to overcome the specific problems which led to the removal of the child” (Matter of Jonathan P., 283 AD2d 675, 676 [2001], lv denied 96 NY2d 717 [2001]; see Matter of Jennifer VV., 241 AD2d 622, 623 [1997]).
Here, we are unpersuaded by the father’s contention that he *961 was compliant with the terms of the suspended judgment and that, if he was not compliant, it was the fault of DSS. The evidence demonstrated that the father failed to maintain stable housing in that he had at least four residences in a three-year period. In fact, at one point, he was living in his car. “[T]he failure to obtain appropriate housing as required can, alone, constitute grounds for the revocation of a suspended judgment” (Matter of Frederick MM., 23 AD3d at 953). Furthermore, the father refused to allow access to his residence for inspection by DSS on more than one occasion and he even threatened to have the caseworkers arrested if they made a further attempt to do so. In addition, the father was discharged from his treatment sessions because of his “negative attitude and disruptive participation.” His treatment counselor testified that he “became challenging and antagonistic and verbally inappropriate with [her].” Despite being offered the opportunity to reengage in treatment, the father did not complete the recommended alcohol and drug counseling or treatment for his domestic violence issues.
Addressing next Family Court’s award of custody of the child to the grandmother, we note that “[t]he [s]tate may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances” (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]), and that, upon a finding of extraordinary circumstances, a court must determine the best interests of the child (see id. at 548). “In ascertaining whether extraordinary circumstances exist, factors to be considered include the length of time the child has lived with the nonparent, [and] the quality of that relationship” (Matter of Bevins v Witherbee, 20 AD3d 718, 719 [2005] [citation omitted]).
Here, after stipulating to a finding of neglect, the father failed to abide by the terms of the suspended judgment by failing to maintain stable housing and to obtain appropriate treatment and counseling, among other things. There was also evidence that he had committed acts of domestic violence in the presence of his children and that he had not provided necessities for the child. Moreover, the child has resided with the grandmother for three years, since he was four months old. The child and his grandmother have a close relationship and the child is bonded to his half-sister, who also resides with the grandmother. The grandmother and her husband live together in a nice home where each child has his or her own bedroom and they are able to financially provide for the subject child. There was testimony that the subject child is thriving in the grandmother’s care and both the mother and the father’s mother testified that place *962 ment with the grandmother was in the child’s best interests. Thus, we find that there is ample evidence in the record to support Family Court’s determination that extraordinary circumstances existed and that it was in the child’s best interests to be placed in the custody of the grandmother (see Matter of Bohigian v Johnson, 48 AD3d 904, 906 [2008]).*
We similarly find that Family Court’s award of unsupervised visitation to the mother has a sound basis in the record and therefore decline to disturb it (see Matter of Custer v Slater, 2 AD3d 1227, 1228 [2003]).
We have considered the father’s remaining contentions and find them to be without merit.
Cardona, EJ., Peters, Rose and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.

 We note that, while Family Court, in the course of the custody hearing, allowed the father to fully pursue his theory that the proceedings against him were tainted by a conflict of interest or bias premised upon the fact that the grandmother was employed by DSS as a senior caseworker, he failed to elicit proof establishing that any special treatment was solicited by or afforded to her as a result of that employment.