■ In the Matter of BAYLEY W. and Another, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICK K., Appellant. [983 NYS2d 655]—

Rose, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered February 13, 2013, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.

---

Respondent, the father of Patrick X. (born in 2007) and Bayley W. (born in 2008), has been incarcerated since 2010 and his earliest release date is 2017. The children have been in foster care since 2009 and, in 2011, respondent and the mother consented to orders finding that the children were permanently neglected and suspending the judgment for one year. The mother thereafter made some progress in her efforts to have the children returned to her, but she ultimately regressed and voluntarily surrendered her parental rights in April 2012. Petitioner then moved to revoke the suspended judgment and terminate respondent's parental rights on the ground that he had not complied with the terms of the judgment. Specifically, petitioner alleged that respondent failed to develop a plan for the children's future because he had only named the children's mother as an available resource to care for them while he remained incarcerated, and she had voluntarily surrendered her parental rights. Family Court granted petitioner's motion without a hearing and respondent appeals.

Generally, noncompliance with a suspended judgment "must be established by a preponderance of the evidence at an evidentiary hearing" (*Matter of Skylar NN.*, 284 AD2d 595, 596 [2001], *lv denied* 96 NY2d 722 [2001]; *see* 22 NYCRR 205.50 [d] [5]). Respondent's affidavit in opposition alleged that he had provided the names of his own mother and two family friends as alternative resources willing and able to provide placement for the children in his absence. Although Family Court noted that the children had been in foster care for three years and concluded that respondent's provision of alternative resources was "too little too late," there are issues of fact raised as to whether respondent provided the names, when he did so and whether he did so in a timely manner. Further, the record does not establish whether this timeliness issue should be considered in relation to the entry of the suspended judgment, the mother's voluntary surrender or any other relevant circumstance. In light of these issues, we remit the matter to Family Court for an evidentiary hearing (*see generally Matter of Skylar NN.*, 284 AD2d at 596; *Matter of Jennifer T.*, 224 AD2d 843, 843-844 [1996]). Accordingly, we need not consider respondent's assertion that Family Court's determination did not consider the children's best interests.

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.