Lahtinen, J.P.
Appeals from two orders of the Family Court of St. Lawrence County (Morris, J.), entered April 14, 2014, which, among other things, in two proceedings pursuant to Social Services Law § 384-b, granted petitioner’s motions to revoke two suspended judgments, and terminated respondent’s parental rights.
Respondent is the mother of two children (born in 1997 and 1998) and, since 1999, petitioner has been involved in varying degrees with respondent and the children. In 2010, the children were removed from the home and permanent neglect proceedings ensued alleging, among other things, that respondent had allowed known sex offenders to visit the home and have contact with the children. In decisions dated in December 2011 and entered in January 2012, Family Court (Potter, J.) adjudicated the children to be permanently neglected and issued suspended judgments through December 2012, which were extended by consent to November 2013. In September 2013, petitioner moved to revoke the suspended judgments and terminate respondent’s parental rights. Following a hearing, Family Court (Morris, J.) granted petitioner’s motions and concluded that termination of respondent’s parental rights was in each child’s best interests. Respondent appeals.
“It is well settled that a suspended judgment gives a parent who is found to have permanently neglected his or her child a brief grace period within which to become a fit parent with whom the child can be safely reunited” (Matter of Cody D. [Brittiany F.], 127 AD3d 1258, 1258 [2015], lv denied 25 NY3d 913 [2015] [internal quotation marks and citations omitted]). “A parent must comply with the terms of the suspended judgment and, if a preponderance of the evidence establishes the parent’s noncompliance, Family Court may revoke the judgment and terminate that party’s parental rights” (Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067 [2014] [internal quotation marks and citations omitted]). A parent’s mere rote participation in directed services or programs is not enough, “ ‘rather the parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the child[ren]’ ” (Matter of James E., 17 AD3d 871, 874 [2005], *1128 quoting Matter of Jennifer VV., 241 AD2d 622, 623 [1997]; see Matter of Giovanni K. [Dawn K.], 68 AD3d 1766, 1767 [2009], lv denied 14 NY3d 707 [2010]). A finding of failure to comply with the terms of the suspended judgment does not mandate termination of parental rights since the “best interest [s] of the child [ren] . . . remains relevant at all stages of a permanent neglect proceeding” (Matter of Amber AA., 301 AD2d 694, 696 [2003]); however, such a finding “is strong evidence that termination is, in fact, in the best interests of the children” (Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 685 [2010]).
Deferring to Family Court’s credibility determinations, the record supports the court’s determination that respondent violated the terms of the suspended judgments. Although respondent attended required psychotherapy, she did not make any meaningful effort in such sessions to accept help regarding the problems that led to the findings of permanent neglect. The mental health counselor who provided the psychotherapy stated that respondent did not actively participate in the treatment and indicated that respondent had not made progress despite various methods employed by the counselor. Among other things, respondent refused to acknowledge her underlying problems, would not meaningfully discuss issues that led to the children’s removal and spent a considerable amount of the counseling time merely complaining about petitioner, and she never progressed beyond supervised visitation with the children. There was also a legitimate concern about respondent’s continued association with, and the availability of her home to, sex offenders.
As to disposition, the attorney for the older child now joins respondent in advocating to reverse termination, whereas the attorney for the younger child advocates affirming. A clearer record should have been made by Family Court at the dispositional phase regarding input from the children, both of whom were over 14 years of age. Nonetheless, considering all the circumstances, including concern about potential exposure to sexual abuse, and after according deference to Family Court’s choice of dispositional alternatives, we conclude that there is a sound and substantial basis in the record for the disposition (see Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1163 [2014], lv denied 24 NY3d 918 [2015]; Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1098 [2013], lv denied 22 NY3d 862 [2014]). Furthermore, in regard to the older child’s challenge to the disposition and her apparent current desire to maintain contact with respondent, such issues are moot since she is now 18 years old (see Matter of Nicole K. [Melissa K.], 85 *1129 AD3d 1231, 1233 [2011]; see also Social Services Law § 384-b [2]; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 730 [2012]).
Egan Jr., Lynch and Devine, JJ., concur. Ordered that the orders are affirmed, without costs.