Matter of Joseph QQ. v Karissa RR. (2018 NY Slip Op 03191)





Matter of Joseph QQ. v Karissa RR.


2018 NY Slip Op 03191


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524895

[*1]In the Matter of JOSEPH QQ. and Another, Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARISSA RR., Appellant, et al., Respondent.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Sandra M. Colatosti, Albany, for appellant.
Kuredin V. Eytina, Broome County Department of Social Services, Binghamton, for Broome County Department of Social Services, respondent.
Feyi O. Gaji, Binghamton, attorney for the children.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a corrected order of the Family Court of Broome County (Connerton, J.), entered April 24, 2017, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondents' parental rights.
Respondent Karissa RR. (hereinafter the mother) and respondent Wade QQ. (hereinafter the father) are the parents of two children (born in 2008 and 2012). In 2014, the children were adjudicated to be neglected and placed in foster care. Petitioner commenced this permanent neglect proceeding in 2016, seeking the termination of respondents' parental rights and the placement of the children for adoption. Family Court adjudicated the children to be permanently neglected and terminated respondents' parental rights, but suspended its judgment for six months. Petitioner moved to revoke the suspended judgment 3½ months later. Following a hearing, Family Court determined that respondents had violated the terms of the suspended judgment, revoked it and terminated their parental rights. The mother now appeals.
We affirm. A suspended judgment is a second chance for a parent, "a brief grace period designed to prepare [him or her] to be reunited with the child[ren]" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Family Ct Act § 633; Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]). A parent's noncompliance with the terms of the suspended judgment during this grace period, if established by a preponderance of the evidence, may end with revocation of the suspended judgment and termination of his or her parental rights (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1018; Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]).
The suspended judgment here required the mother to, among other things, follow through with recommended substance abuse treatment and "maintain a clean, healthy and stable residence." The mother acknowledged relapsing into illegal drug use and declining to engage with a recommended treatment program, which also violated the terms of probation imposed on a prior conviction and led to her incarceration. She additionally failed to obtain stable, child-appropriate lodging, instead staying in an overcrowded apartment to which she planned to return upon her release from jail. Family Court's determination that the mother violated the terms of the suspended judgment was therefore supported by a preponderance of the evidence and, under the circumstances presented, revocation of the suspended judgment and termination of the mother's parental rights was in the best
interests of the children (see Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1068 [2014]; Matter of Edward GG., 35 AD3d 1144, 1144-1145 [2006]; Matter of Jonathan P., 283 AD2d 675, 676 [2001], lv denied 96 NY2d 717 [2001]).
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the corrected order is affirmed, without costs.