■ In the Matter of JOCOLYN MARIE A., Also Known as JOCQUELINE MARIE A., a Child Alleged to be Abandoned and Permanently Neglected. CARDINAL McCLOSKEY CHILDREN'S AND FAMILY SERVICES, Respondent; FRANK T., Appellant, et al., Respondent.—Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about January 15, 1992, terminating respondent's parental rights upon a finding, following a fact-finding hearing, that respondent had abandoned Jocolyn Marie A., and awarding custody and guardianship to the Commissioner of Social Services and petitioner for purposes of adoption, unanimously affirmed, without costs.

Respondent is the putative father of Jocolyn Marie A. The child's mother is respondent's stepdaughter, who was sixteen years old when the child was born. Due to the mother's neglect, the child was placed in foster care before she was a year old. By the same order, the mother was found to have permanently neglected the child and her parental rights were terminated as well.

The credible evidence at the fact-finding hearing supports Family Court's finding that respondent failed to establish or maintain any kind of contact with the child for a period of six

months prior to the filing of the instant petition (Social Services Law § 384-b [4] [b]). In fact, the court found that during the entire time the child was in foster care, respondent attempted to visit her on only three occasions, always when he knew her mother would be there. When he was reminded that he was not to visit at the same time, he threatened to seek legal recourse to enforce his visitation rights. The court properly considered the fact that he never attempted to legalize his relationship to the child in any way, and that, indeed, the failure to do so effectively left him with no enforceable right to visit the child (Family Ct Act § 1084).

No good cause was demonstrated to explain respondent's failure to visit or initiate any contact with the child, and respondent failed to demonstrate that petitioner prevented or discouraged his visits. While the caseworker admitted she viewed simultaneous visits by respondent and the mother as detrimental, due to the nature of his relationship with the child's mother, she denied discouraging his separate visits to the child. The Family Court's decision to credit the caseworker's testimony and reject respondent's claims that he attempted to schedule visits is supported by the record and should not be disturbed. In view of respondent's failure to initiate or maintain contact with the child, the court's finding of abandonment was entirely justified (*Matter of Crawford,* 153 AD2d 108). Finally, it was clearly in the best interests of the child to terminate parental rights and free her for adoption. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.