■ CAROL FITZRANDOLPH, Respondent, v TINA C. RODRIGUE et al., Defendants, and COUNTY OF PUTNAM, Appellant. [613 NYS2d 37] —In an action to recover damages for personal injuries, the defendant County of Putnam appeals from an

order of the Supreme Court, Putnam County (Hickman, J.), dated September 14, 1992, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, all cross claims against it are dismissed, and the action against the remaining defendants is severed.

The plaintiff was injured in an automobile accident at an intersection in Putnam County. In her complaint, the plaintiff essentially alleged that the intersection was improperly designed. The County moved for summary judgment on the ground that there had been no compliance with Local Laws, 1983, No. 6 of Putnam County, which barred any such action unless prior written notice of the highway defect or dangerous condition was given to the Clerk of the Putnam County Legislature or the Commissioner of Highways and Facilities of the County of Putnam. The plaintiff opposed on the basis that prior written notice was unnecessary where, as here, the County had created the defect complained of. The Supreme Court denied the County's motion. We reverse.

To avoid dismissal, it was incumbent upon the plaintiff to present evidentiary proof in admissible form raising a triable issue of fact concerning the County's liability, i.e., whether the design of the intersection where the accident occurred was made without adequate study or lacked a reasonable basis (see, Cannistra v Town of Putnam Val., 177 AD2d 536; DiCupe v City of New York, 167 AD2d 442, citing Weiss v Fote, 7 NY2d 579, 589; Rodriguez v County of Suffolk, 123 AD2d 754). Since the plaintiff failed to proffer expert affidavits making such a showing, the Supreme Court should have dismissed the complaint insofar as it is asserted against the County, and all cross claims against it. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.