■ Roghiegh Aziz et al., Respondents, v Village of Great Neck Plaza, Respondent, Midneck Realty Corp., Appellant, et al., Defendants. [657 NYS2d 207] —In an action to recover damages for personal injuries, etc., the defendant Midneck Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated March 1, 1996, as, in effect, dismissed its cross claim asserted against the defendant Village of Great Neck Plaza.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the plaintiffs' cause of action against the Village of Great Neck Plaza (hereinafter the Village) was properly dismissed on the ground that the Village never received actual, prior, written notice of the alleged defect in the sidewalk which caused the injuries to the plaintiff Roghiegh Aziz (see, Village Law § 6-628), the defendant Midneck Realty Corp. (hereinafter Midneck) may not properly seek contribution from the Village (see, Barry v Niagara Frontier Tr. Sys., 35 NY2d 629; O'Rourke v Town of Smithtown, 129 AD2d 570; Kramme v Town of Hempstead, 100 AD2d 447). The Supreme Court therefore correctly severed the plaintiffs' action against Midneck, and dismissed Midneck's cross claims against the Village (see also, Boscolo v County of Nassau, 229 AD2d 457; Fitzrandolph v Rodrigue, 205 AD2d 496; Strauss v Town of Oyster Bay, 201 AD2d 553). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.