■ SHARON M. SCOVILLE, v TOWN OF AMHERST, Respondent, and ERIE COUNTY WATER AUTHORITY, Appellant. [716 NYS2d 186] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell while roller-blading on a bike path maintained by defendant Town of Amherst (Town). Two days before plaintiff's accident, defendant Erie County Water Authority (Water Authority) repaired a water main break in a road adjacent to the bike path. Plaintiff alleged that the Water Authority's diversion of water to the area of the bike path caused the path to become covered with sand or other debris, and that defendants were negligent in failing to clear the debris from the path. The Water Authority appeals from an order granting the motion of the Town for summary judgment dismissing the complaint and cross claim against it.

The Town's motion was based on plaintiff's failure to comply with Town Law § 65-a. Pursuant to Town Law § 65-a (2), no action shall be maintained against a town "for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless written notice thereof * * * was actually given." Plaintiff failed to plead and prove compliance with the prior written notice requirement (*see, Goldston v Town of Babylon,* 145 AD2d 534, 534-535; *Banta v Erie County,* 134 AD2d 839, 840), and thus Supreme Court properly granted the Town's motion.

Contrary to the Town's contention, the Water Authority is an aggrieved party and thus is entitled to appeal (*see,* CPLR 5511). The Water Authority asserted a cross claim seeking contribution from the Town based on the Town's alleged culpable conduct, and thus the Water Authority is aggrieved by the order dismissing the complaint and cross claim against the Town (*cf., Blake Realty v Shiller,* 87 AD2d 729).

We reject the Water Authority's contention that Town Law § 65-a does not apply to an alleged defect in a bike path (*see, Ferris v County of Suffolk,* 174 AD2d 70, 72; *Bacon v Mussaw,* 167 AD2d 741, 744). Because the Town never received prior written notice of the defect, the Water Authority may not seek contribution from the Town (*see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Aziz v Village of Great Neck Plaza,* 239 AD2d 452). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.