■ ANTHONY COONS, Plaintiff, v BELTRONE CONSTRUCTION COMPANY, INC., et al., Appellants, and PIKE COMPANY, INC., Respondent. [770 NYS2d 916]—

Crew III, J.P. Appeal from an order of the Supreme Court (Cobb, J.), entered October 9, 2002 in Greene County, which, inter alia, granted a motion by defendant Pike Company, Inc. for summary judgment dismissing the complaint against it.

Plaintiff, a correction officer, commenced this action seeking to recover for injuries allegedly sustained during the construction of an addition to the Greene Correctional Facility in Greene County. Defendant Pike Company, Inc. served as the general contractor for the project, while defendants Beltrone Construction Company, Inc. and Turner Construction Company (hereinafter collectively referred to as Beltrone) were the construction managers for the project. At the time of the accident, plaintiff, who was working in a security capacity, was stationed in a trailer accessed by a free-standing aluminum staircase. When plaintiff attempted to exit the trailer, the stairs allegedly slipped away from the trailer, causing him to fall and sustain various injuries.

Following joinder of issue and discovery, Pike moved for summary judgment dismissing the complaint against it, and Beltrone cross-moved for similar relief. Supreme Court, insofar as is relevant to the instant appeal, granted Pike's motion and denied Beltrone's cross motion. This appeal by Beltrone ensued.

Initially, to the extent that Beltrone seeks to appeal Supreme Court's grant of summary judgment to Pike, we agree that Beltrone is not an aggrieved party and, hence, cannot pursue that portion of its appeal. A defendant seeking to appeal an order dismissing the complaint as against a codefendant must have a matured right or claim against such codefendant (*see Blake Realty v Shiller*, 87 AD2d 729 [1982]). Beltrone neither asserted a cross claim against Pike (*compare Scoville v Town of Amherst*, 277 AD2d 1038 [2000]) nor opposed Pike's motion for summary judgment (*see Ciaccio v Germin*, 138 AD2d 664 [1988]) and, therefore, is not aggrieved by the dismissal of the complaint against Pike.

As for Supreme Court's denial of Beltrone's cross motion for summary judgment, we agree that questions of fact remain regarding Beltrone's liability. Even assuming that Beltrone, as the construction manager for the project, owed no duty to plaintiff, the record nonetheless reveals that Beltrone leased the trailer in which plaintiff was stationed prior to his fall and was responsible for all maintenance associated therewith. Under such circumstances, we cannot say that Supreme Court erred in

denying Beltrone's motion. The remaining contentions raised by Beltrone, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.