■ In the Matter of IMANI J., a Child Alleged to be Permanently Neglected. MONIQUE J., Appellant; CHILDREN's AID SOCIETY et al., Respondents. [817 NYS2d 6]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about May 13, 2004, which revoked a suspended judgment for noncompliance and terminated respondent mother's parental rights to the subject child upon her admission of permanent neglect, committing the child's custody and guardianship to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, and order, same court and Judge, entered on or about April 7, 2005, which denied respondent's CPLR 5015 motion, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's finding that respondent did not adhere to the conditions upon which an earlier judgment, finding her to have permanently neglected the subject child, had been suspended (*see Matter of Vanessa R.*, 249 AD2d 27 [1998]). Respondent's unwillingness to seek psychotherapy, as well as her instability and immaturity with respect to the discharge of her parental obligations, amply support the conclusion that the interests of the child, who has

spent virtually her entire life in foster care, would best be served by the termination of respondent's parental rights.

Even assuming respondent's subject-matter jurisdiction and constitutional claims were properly preserved by her CPLR 5015 motion, they are without merit. The Family Court is vested with exclusive, original jurisdiction to hear proceedings commenced by petitions alleging neglect (Family Ct Act § 115 [a] [i]) and seeking termination of custody by reason of permanent neglect (§ 115 [a] [iv]; *see e.g. Matter of Jocolyn Marie A.*, 189 AD2d 702 [1993], *lv denied* 81 NY2d 708 [1993]). Nor was respondent denied due process in this instance. The record shows that she was ably represented by a court-appointed attorney and a guardian ad litem until she reached the age of majority. Furthermore, respondent's argument predicated on the Eighth Amendment ignores the reality that proceedings brought pursuant to Social Services Law § 384-b (1) are not punitive in nature, but rather are designed to address the needs and welfare of children. Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.