■ In the Matter of KENDRA C.R., a Child Alleged to be Permanently Neglected. CHARLES R., Appellant; ABBOTT HOUSE FAMILY SERVICES, INC., Respondent. [890 NYS2d 51]—

On March 4, 2005, respondent admitted having permanently neglected the child and consented to entry of a suspended judgment. The preponderance of the evidence in the latest proceedings clearly established that respondent materially violated the terms of that suspended judgment. His admitted drug use during the period in question was sufficient to warrant revocation of the suspension (see Matter of Angel P., 44 AD3d 448 [2007]; Matter of Tiffany R., 7 AD3d 297 [2004]). Drug abuse is a major obstacle to unification with a child, and was compounded in this case by respondent's conviction for sale of a controlled substance. His failure to secure housing was also a material violation of the terms of the suspended judgment, and constituted independent grounds for revocation (see Matter of Fynn S., 56 AD3d 959, 961 [2008]; Matter of Frederick MM., 23 AD3d 951, 953 [2005]).

The court may terminate parental rights after a finding of

noncompliance with a suspended judgment (*see Matter of Jennifer VV.*, 241 AD2d 622 [1997]). At the time of the dispositional hearing, more than 2½ years after respondent's consent to the suspended judgment, he still was not ready to take care of the child. His proposed solution of having the paternal grandmother take temporary custody ignored her own medical needs and her reluctance to take on that role, as well as the child's preference for adoption by the foster mother. In light of these circumstances, the court properly found the child's best interests called for transfer of her custody and guardianship to the agency (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Travis Devon B.*, 295 AD2d 205 [2002]).

Motion seeking leave to supplement record and other related relief denied. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.