■ In the Matter of CHRISTOPHER G., a Permanently Neglected Child. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PRISCILLA H., Appellant. (Proceeding No. 1.) In the Matter of CHRISTINE G., a Neglected Child. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PRISCILLA H., Appellant. (Proceeding No. 2.) [919 NYS2d 244]—

Stein, J.

Respondent is the mother of two children, Christopher G. (born in 2007) and Christine G. (born in 2008). As a result of respondent's drug abuse, Christopher was born with a positive toxicology for cocaine and exhibited withdrawal symptoms. In December 2008, petitioner sought to terminate respondent's parental rights as to Christopher on the ground of permanent neglect. Shortly after Christine's birth, a petition alleging her derivative neglect was filed and, upon respondent's consent, Family Court thereafter made a finding of neglect and placed Christine in petitioner's custody. At the same time, and also with respondent's consent, Family Court made a finding of permanent neglect with regard to Christopher, but suspended judgment for one year and continued Christopher's placement in

foster care until June 2010. The conditions of the suspended judgment included, among others, that respondent regularly attend an alcohol and drug treatment program and undergo random drug screening.

Permanency hearings were held for both children in the fall of 2009 and resulted in a determination by Family Court that both children should remain in petitioner's custody, with return to respondent as the permanency goal. The next permanency hearings for each child were scheduled for February and March 2010. The permanency orders did not authorize final discharge for either child and provided that their placement with petitioner would continue until completion of the next permanency hearing, subject to further order of the court. The permanency order for Christopher also included boilerplate language setting forth six options for additional court orders relating to, among other things, final discharge, trial discharge and absconding, but only "absconding" was marked as applicable, with the others being marked as not applicable.

In January 2010, a caseworker sent a letter to Family Court indicating that the children were being returned to respondent on a final discharge from foster care. Family Court received no objection or other communication from petitioner or the attorney for the children. Accordingly, a court clerk sent a letter to the parties' respective counsel, informing them that, upon return of the children to respondent, permanency had been achieved and the scheduled permanency hearings would be canceled. In April 2010, petitioner commenced these proceedings seeking revocation of the suspended judgment concerning Christopher and alleging violations of the order of disposition regarding Christine.[1] Petitioner also sought temporary emergency removal of the children from respondent's home, to which respondent consented. Respondent then moved to dismiss petitioner's applications, arguing that the orders of suspended judgment and disposition were unenforceable because the children had been returned to her and the permanency goals were accomplished. Following a hearing, Family Court determined that the discharge of the children was only a "trial discharge" and denied respondent's motions to dismiss. Respondent now appeals and we affirm.

Family Court has continuing jurisdiction over a child placed in foster care until a permanent disposition is reached and "the

---

1. It was alleged that respondent had provided "cold" urine samples for drug testing when the testing was unsupervised, tested positive for cocaine and alcohol, and allowed a registered risk level two sex offender to reside in her home with the children.

child is discharged from placement and all orders regarding supervision, protection or services have expired" (Family Ct Act § 1088; *see Matter of Michael B.*, 80 NY2d 299, 307 [1992]). Family Court is required to conduct permanency hearings for each child in foster care no less often than every six months (*see* Family Ct Act §§ 1086, 1088, 1089). At the conclusion of each hearing, Family Court must issue a written order (*see* Family Ct Act § 1089 [d]). Where, as here, the permanency goal is reunification with a parent, but the child is not returned to the parent at the hearing, "the court may provide the local social services district with authority to finally discharge the child to the parent without further court hearing, provided that [10] days prior written notice is served upon the court and child's attorney" (Family Ct Act § 1089 [d] [2] [viii] [C]). Notably, a social services agency, such as petitioner, is permitted to release a child on a "trial discharge"[2] unless Family Court has prohibited such discharge or has conditioned trial discharge on the happening of another event (*see* Family Ct Act § 1089 [d] [2] [viii] [C]). In such cases, permanency hearings should continue to be held for the child (*see* Family Ct Act § 1089 [d] [2] [viii] [C]). There is no corresponding statutory provision allowing the social services agency to finally discharge a child from its care and custody unless specifically authorized by Family Court.

Here, inasmuch as the record contains no evidence that Family Court authorized the children's final discharge by petitioner, the purported final discharge and the cancellation by the court clerk of the scheduled permanency hearings were of no legal effect. Thus, Family Court properly determined that the release of the children to respondent should be characterized as a trial discharge, that the dispositional orders remained in effect and that the court retained jurisdiction to proceed on petitioner's applications regarding alleged violations of the existing orders.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. In the case of a trial discharge, the child is physically returned to the parent, but remains in the care and custody of the agency (*see* Family Ct Act § 1089 [d] [2] [viii] [C]; *see e.g. Matter of Star Leslie W.*, 63 NY2d 136, 145 [1984]).