■ In the Matter of ALIYAH CAREEMA D., a Child Alleged to be Abandoned. SOPHIA SEKU D., Appellant; THE CHILDREN's AID SOCIETY, Respondent. [930 NYS2d 579]—

The finding that respondent violated the terms of the suspended judgment is supported by a preponderance of the evidence (*see e.g. Matter of Kendra C.R. [Charles R.]*, 68 AD3d 467 [2009], *lv dismissed and denied* 14 NY3d 870 [2010]). Respondent was required, inter alia, to submit to random drug testing and remain free of illicit substances, maintain regular and consistent supervised visitation, and obtain and maintain a source of income and suitable housing for herself and the child. Shortly after the suspended judgment was granted, respondent was convicted of criminal sale of a controlled substance in the third degree, and sentenced to 2½ years' incarceration. Moreover, respondent failed to maintain contact with the child for four months after she was incarcerated, which failure is not excused by her incarceration (*see Matter of Anthony M.*, 195 AD2d 315, 316 [1993]).

The finding that termination of respondent's parental rights is in the child's best interests is supported by a preponderance of the evidence showing that respondent would remain incarcerated until after the period of the suspended judgment had expired, and that the child's kinship foster mother has been providing quality care for the child, wants to adopt her, and has

been trained to handle her special needs (*see e.g. Matter of David J.*, 260 AD2d 279 [1999]). Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ.