■ KENNETH W. CUSSON, Plaintiff, v THE HILLIER GROUP, INC., Appellant, and WELLIVER MCGUIRE, INC., Defendant and Third-Party Plaintiff-Respondent. CHARLES F. EVANS COMPANY, INC., Third-Party Defendant-Respondent. [949 NYS2d 259]—

Spain, J.

Plaintiff, a custodian at Cornell University, sustained personal injures when he was struck by ice and snow that fell from a roof of one of Cornell's dormitory buildings. Plaintiff commenced this personal injury action against the architect, defendant the Hillier Group, Inc., and the general contractor, defendant Welliver McGuire, Inc., which participated in the construction of the building some four years prior to plaintiff's accident. Welliver McGuire then commenced a third-party action seeking indemnification from Charles F. Evans Company, Inc. (hereinafter Evans), the subcontractor that performed the roof work on the building.

In October 2010, Welliver McGuire moved for summary judgment dismissing the complaint against it on the basis that it owed no duty to plaintiff, a third party to its contract with Cornell to construct the building. In November 2010, while that motion was pending, Hillier's counsel moved to withdraw as counsel of record, citing Hillier's failure to pay bills and cooperate in its defense, and seeking a stay of the action until Hillier

---

could obtain new counsel. In December 2010, Evans cross-moved for summary judgment dismissing the third-party complaint. While both motions for summary judgment were pending, Supreme Court partially granted the motion of Hillier's counsel, permitting counsel to withdraw but without a stay of the proceedings. Thereafter, Supreme Court granted both motions for summary judgment dismissing all claims against Welliver McGuire and Evans.* Hillier now appeals from the order.

The appeal must be dismissed. Hillier did not assert any cross claims against Welliver McGuire or Evans. Hence, Hillier is not aggrieved and may not appeal the grant of summary judgment to those parties (see CPLR 5511; Coons v Beltrone Constr. Co., 4 AD3d 584, 585 [2004]; Schultz v Alfred, 11 AD2d 266, 268 [1960]; see also Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]). Likewise, Hillier's challenge to Supreme Court's order granting counsel's motion to withdraw without staying the proceedings is not properly before this Court as Hillier did not appeal from that order (see Ferry v Ferry, 13 AD3d 765, 766 [2004]; Roufaiel v Ithaca Coll., 280 AD2d 812, 814 [2001]).

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the appeal is dismissed, with one bill of costs.

---

* Plaintiff did not oppose Welliver McGuire's motion for summary judgment dismissing the claims against it.