■ In the Matter of ISIAH STEVEN A. and Others, Children Alleged to be Permanently Neglected. ANNE ELIZABETH PIERRE L., Appellant; NEW ALTERNATIVES FOR CHILDREN, INC., Respondent. [955 NYS2d 10]—

Orders of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about December 14, 2009, which, to the extent appealed from as limited by the briefs, revoked a suspended judgment entered on a finding of permanent neglect,

terminated respondent mother's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent had violated the terms of the suspended judgment is supported by a preponderance of the evidence (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Aliyah Careema D. [Sophia Seku D.], 88 AD3d 529 [1st Dept 2011]). Respondent admittedly failed to attend all visits with the children and all doctor's appointments, failed to obtain adequate housing and a steady income, and failed to understand each child's medical needs (see Matter of Gianna W. [Jessica S.], 96 AD3d 545, 545 [1st Dept 2012]). Any lapses by the agency did not relieve respondent of her responsibility to comply with the terms of the suspended judgment (Matter of Lourdes O., 52 AD3d 203, 203 [1st Dept 2008]).

A preponderance of the evidence supports the determination that termination of respondent's parental rights is in the children's best interests (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The children have been in the same foster homes for at least three years, and they have foster parents who have provided for their special needs and wish to adopt them (Aliyah, 88 AD3d at 529-530). A further suspended judgment is not warranted, given that respondent has made only minimal progress in obtaining the ability to care for the children. Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.