■ In the Matter of Anthony Wayne S. and Another, Children Alleged to be Permanently Neglected. Anthony Wayne S., Appellant; Abbott House, Respondent, et al., Respondent. [964 NYS2d 521]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about September 11, 2012, which, to the extent appealed from as limited by the briefs, revoked a suspended judgment entered on a finding of permanent neglect, terminated respondent father's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge and entered on or about the same date, which, to the extent appealed from, denied respondent father's application for a stay of the court's order terminating his parental rights and for continued visitation with the subject children pending the stay, unanimously dismissed, without costs, as abandoned.

The finding that the father had violated the terms of the suspended judgment is supported by a preponderance of the evidence (*see Matter of Kendra C.R. [Charles R.]*, 68 AD3d 467, 467-468 [1st Dept 2009], *lv dismissed and denied* 14 NY3d 870 [2010]). The father failed to show that he stopped the cycle of domestic violence with the children's mother, which was one of the reasons the children entered into foster care, and his actions demonstrated his inability to take full responsibility as the children's primary caretaker (*see Matter of Darren V.*, 61 AD3d 986, 987 [2d Dept 2009], *lv denied* 12 NY3d 715 [2009]).

A preponderance of the evidence supports the determination that the children's best interests would be served by terminating the father's parental rights (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The children have been in the same foster homes for most of their lives, and the foster parents have provided for their special needs and wish to adopt them (*see Matter of Aliyah Careema D. [Sophia Seku D.]*, 88 AD3d 529, 529-530 [1st Dept 2011]). Moreover, the father has failed to demonstrate that exceptional circumstances exist requiring the court to extend the suspended judgment or that a fourth attempt to reunite the family is in the best interests of the children (*see Matter of Lourdes O.*, 52 AD3d 203, 204 [1st Dept 2008]).

We have considered the father's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.