# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1422**
**CAF 14-00454**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF RAMEL H.
------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

TENESE T., RESPONDENT-APPELLANT.

---

PAUL A. NORTON, CLINTON, FOR RESPONDENT-APPELLANT.

JOHN HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.

WILLIAM L. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered March 5, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order revoked a suspended judgment and terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this permanent neglect proceeding, Family Court entered a suspended judgment following respondent mother's admission to permanent neglect of the subject child. The court, inter alia, placed the child in foster care and issued an order of supervision directing the mother to comply with certain terms and conditions of the suspended judgment. Prior to the scheduled termination of the suspended judgment, the court released the child from the foster care placement and ordered him to be returned to the mother's care, but directed that the suspended judgment and order of supervision continue and that the mother comply with its terms until it expired. Petitioner thereafter moved to revoke the suspended judgment, and the mother appeals from an order that, among other things, granted petitioner's motion and terminated her parental rights with respect to the subject child.

The mother initially contends that, by terminating the subject child's placement in foster care and returning him to her custody, the court thereby also terminated the suspended judgment, which in turn divested the court of jurisdiction over the petition to terminate her parental rights. Even assuming, arguendo, that the mother preserved her contention for our review (*see generally Matter of Imani J.*, 29 AD3d 467, 467, *lv denied* 7 NY3d 842, *cert denied* 549 US 1228), we conclude that the applicable statute provides that, after placing a

child in foster care, "the court shall maintain jurisdiction over the case until the child is discharged from placement and all orders regarding supervision, protection or services have expired" (Family Ct Act § 1088).  Here, the order of supervision had not expired, and thus her contention is without merit.  In addition, the mother's contention is belied by the record, which reflects that, when the court released the child from foster care to the mother's custody, it unequivocally stated that "the prior order that [the court] just referenced will continue[;] that suspended judgment will run through November 1st of this year with the terms and conditions as set forth in that order." The court also instructed the mother that she will "need to abide by the terms and conditions" of the prior order.  Consequently, the record establishes that the court did not terminate the suspended judgment (*see generally Matter of Christopher G. [Priscilla H.]*, 82 AD3d 1549, 1550-1551).

We reject the mother's further contention that the court erred in revoking the suspended judgment and terminating her parental rights. Where petitioner establishes "by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (*Matter of Ronald O.*, 43 AD3d 1351, 1352; *see* Family Ct Act § 633 [f]; *Matter of Terry L.G.*, 6 AD3d 1144, 1144).  Here, the court properly concluded that the mother violated numerous terms of the suspended judgment, that "she was unable to overcome the specific problems that led to the removal of the child from her home" (*Matter of Erie County Dept. of Social Servs. v Anthony P.*, 45 AD3d 1384, 1384), and that it is in the child's best interests to terminate the mother's parental rights (*see Matter of Savanna G. [Danyelle M.]*, 118 AD3d 1482, 1483; *Matter of Christopher J.*, 63 AD3d 1662, 1662, *lv denied* 13 NY3d 706).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court