■ In the Matter of DEMETRIA FF. and Another, Neglected Children. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TRACY GG., Respondent. RICHARD HH., Proposed Intervenor-Appellant. (And Two Other Related Proceedings.) [33 NYS3d 570]—

Peters, P.J. Appeals from two orders of the Family Court of Saratoga County (Jensen, J.), entered December 14, 2015, which, in three proceedings pursuant to Family Ct Act articles 10 and 10-A, denied Richard HH.'s motion for intervenor status.

Respondent is the mother of two children (born in 1998 and 2009), both of whom were removed from her care and placed in petitioner's custody on September 30, 2014. In February 2015, Family Court issued an order finding the children to be neglected and continuing their placement in petitioner's custody. Thereafter, Richard HH., the children's maternal uncle, moved by order to show cause for custody of the children pursuant to Family Ct Act article 6 and for permission to intervene in the neglect proceeding pursuant to Family Ct Act

§ 1035 (f). His motion was heard at the next permanency hearing held on November 18, 2015. At the outset of that hearing, all parties, as well as the attorney for the children, consented to the uncle's application for intervenor status. Family Court, however, denied the requested relief, concluding that the uncle was no longer entitled to intervene in the proceeding pursuant to Family Ct Act § 1035 (f) because the fact-finding and dispositional hearings on the petition had already transpired and the "case has . . . been resolved." Upon the conclusion of the hearing, an order was entered in January 2016 modifying the younger child's permanency goal from return to parent to a concurrent goal of placement for adoption and permanent placement with a fit and willing relative.* The uncle now appeals solely from the orders denying his motion to intervene.

All parties assert that Family Court erred in denying the uncle's application to intervene in these proceedings. We agree. Family Ct Act § 1035 (f) provides, in pertinent part, that "[t]he child's adult sibling, grandparent, aunt or uncle not named as respondent in the petition, may, upon consent of the child's parent appearing in the proceeding, . . . move to intervene in the proceeding as an interested party intervenor for the purpose of seeking temporary or permanent custody of the child, and upon the granting of such motion shall be permitted to participate in all arguments and hearings insofar as they affect the temporary custody of the child during fact-finding proceedings, and in all phases of dispositional proceedings." The statute further directs that "[s]uch motions for intervention shall be liberally granted" (Family Ct Act § 1035 [f]).

There is no question that the uncle is authorized to seek intervention under the statute; he is one of the enumerated relatives permitted to pursue such relief, and both respondent and the child's father (among others) consented to his appearance in the proceeding. Nor does Family Ct Act § 1035 (f) limit the right of intervention to only the fact-finding and dispositional hearings held on a pending Family Ct Act article 10 neglect petition. Quite the contrary, it broadly permits a qualified relative seeking temporary or permanent custody of the child to participate "in *all phases* of dispositional *proceedings*" (Family Ct Act § 1035 [f] [emphasis added]). Furthermore, a permanency hearing is plainly dispositional in nature. A dispositional hearing is defined as "a hearing to determine what order of disposition should be made" (Family Ct Act § 1045), and Family Ct Act § 1089 (d) provides that, "[a]t the

* The permanency goal for the older child, who was nearly 18 years old at the time, was modified, without objection, to discharge to independent living.

conclusion of each permanency hearing, the court shall . . . determine and issue its findings, and enter an order of disposition in writing." Family Court seemed to acknowledge all of this, but reasoned that intervention was not permitted because the dispositional phase of the proceeding terminated upon completion of the dispositional hearing concerning the article 10 petition and the issuance of an order pursuant to Family Ct Act § 1052 (a). This was error.

While Family Ct Act § 1052 delineates the dispositional alternatives available after a finding of neglect or abuse (*see* Family Ct Act § 1052 [a] [i]-[vi]), such dispositional alternatives have a limited duration and require judicial review for extension or modification. Where, as here, the child is placed outside of the home, Family Court is statutorily required to conduct an initial permanency hearing no more than eight months from the date the child was removed from the home (*see* Family Ct Act §§ 1055 [b] [i] [C]; 1089 [a] [2]) and to hold subsequent permanency hearings at six-month intervals thereafter (*see* Family Ct Act §§ 1088, 1089 [a] [3]). At the conclusion of *each* hearing, Family Court is required to enter an order of disposition that determines whether the permanency goal for the child should be approved or modified (*see* Family Ct Act § 1089 [d] [2] [i]). Moreover, throughout this time that the child is placed outside of the home, "the case shall remain on the court's calendar and the court shall maintain jurisdiction over the case until the child is discharged from placement and all orders regarding supervision, protection or services have expired" (Family Ct Act § 1088; *see* Family Ct Act § 1086; *Matter of Michael B.*, 80 NY2d 299, 306-307 [1992]; *Matter of Christopher G. [Priscilla H.]*, 82 AD3d 1549, 1550-1551 [2011])—i.e., until permanency is achieved. Thus, as the Practice Commentaries explain, Family Court "maintains complete continuing jurisdiction whenever a child has been placed outside his [or her] home [and] *there is no final disposition until permanency has been ordered*" (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1088 at 199-200 [emphasis added]; *see Matter of Bridget Y. [Kenneth M.Y.]*, 92 AD3d 77, 95 [2011], *appeal dismissed* 19 NY3d 845 [2012]).

We therefore conclude that the mandatory permanency hearings that follow an adjudication of neglect constitute "phases" of the dispositional proceedings for purposes of Family Ct Act § 1035 (f). Thus, absent any basis to preclude intervention, the orders denying the uncle's application for permission to intervene must be reversed. While the uncle also challenges

the merits of the January 2016 permanency order that followed the erroneous denial of his motion to intervene, that order is not properly before us inasmuch as the notice of appeal is limited to the orders denying the motion to intervene (*see* CPLR 5515 [1]; *Cusson v Hillier Group, Inc.*, 97 AD3d 1042, 1043 [2012]; *Matter of Steele*, 85 AD3d 1375, 1376 [2011]). However, in light of our determination that the uncle should have been permitted to intervene in the permanency hearing which resulted in the January 2016 order, upon remittal, Family Court should consider the matter de novo.

Lahtinen, Egan Jr., Rose and Clark, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.