■ In the Matter of ANTHONY R.L.O. and Others, Children Alleged to be Permanently Neglected. ANTHONY L.O., Appellant; CATHOLIC GUARDIAN SERVICES, Respondent. [38 NYS3d 429]—

Orders, Family Court, New York County (Jane Pearl, J.),

entered on or about February 25, 2015, and order, same court and Judge, entered on or about September 1, 2015, which, to the extent appealed from as limited by the briefs, upon respondent father's consent to findings that he violated the terms of a suspended judgment entered on a finding of permanent neglect, terminated his parental rights to the subject children, and committed their custody to petitioner Catholic Guardian Services and the Commissioner of the Administration for Children Services for the purpose of adoption, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's conclusion that it was in the best interests of the three younger children to be freed for adoption. Those children have spent six years together in a preadoptive foster home, want to be adopted by their foster parents, who are equipped to handle their needs, and respondent had not addressed his cocaine addiction or demonstrated that he had the ability to care for them (*see Matter of Jaileen X.M. [Annette M.],* 111 AD3d 502, 503 [1st Dept 2013], *lv denied* 22 NY3d 859 [2014]; *Matter of Tyshawn Jaraind C.,* 36 AD3d 564 [1st Dept 2007]).

A preponderance of the evidence also supports the court's conclusion that it was in the best interests of the oldest child to terminate respondent's parental rights, given the father's acknowledged failure to comply with terms of the suspended judgment, including twice testing positive for cocaine during the reopened dispositional hearing regarding this child (*see Matter of Kendra C.R. [Charles R.],* 68 AD3d 467, 467-468 [1st Dept 2009], *lv dismissed and denied* 14 NY3d 870 [2010]). Although the child was 11 years old and expressed a strong preference to be reunited with his father, who had continued to visit him regularly, the child's stated preference is not dispositive (*see* Domestic Relations Law § 111 [1] [a]; *Matter of Bianca R. [Anne Marie S.],* 91 AD3d 560, 560 [1st Dept 2012]). The child had indicated a willingness to be adopted by his most recent foster parent, if he could not be returned to his father, so that adoption was a possibility after parental rights were terminated. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.