Matter of Armoni M.K.I. (Jasmine M.W.) (2018 NY Slip Op 01579)





Matter of Armoni M.K.I. (Jasmine M.W.)


2018 NY Slip Op 01579


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5971 5970 5969

[*1]In re Armoni M.K.I., etc., and Others, Dependent Children Under Eighteen Years of Age, etc., Jasmine M.W., etc., Respondent-Appellant, The Commissioner of the Administration for Children's Services of the City of New York, Petitioner-Respondent.


Patricia W. Jellen, Eastchester, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondents.
Dawne Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about July 5, 2016, which, based on respondent mother's admission that she violated the terms of a suspended judgment, terminated her parental rights to the children, after a hearing, and committed their custody to petitioners for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence adduced at the dispositional hearing supports the Family Court's conclusion that it was in the best interests of the children to be freed for adoption (see Matter of Gianna W. [Jessica S.], 96 AD3d 545, 545-546 [1st Dept 2012]). Although respondent obtained employment, she failed to maintain suitable housing, regularly attend her mental health treatment programs, visit the children consistently or complete Parenting through Change Return Home-Reunification as required by the suspended judgment, which she acknowledged (see Matter of Aliyah Careema D. [Sophia Seku D.], 88 AD3d 529, 529 [1st Dept 2011]).
Under these circumstances, termination of respondent's parental rights to facilitate the children's adoption was in the children's best interests because they have been residing in the same foster home for most of their lives, and the foster mother, who has provided for their special needs, wants to adopt them. Respondent is no closer to addressing her mental health [*2]issues nor has she demonstrated that she has the ability to care for the children (see Matter of Anthony Wayne S. [Damaris S.], 110 AD3d 464, 464 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK