Matter of Anissa Jaquanna Aishah H. (Gregory C.) (2018 NY Slip Op 01655)





Matter of Anissa Jaquanna Aishah H. (Gregory C.)


2018 NY Slip Op 01655


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6009A 6009

[*1] In re Anissa Jaquanna Aishah H., and Another, Dependent Children Under the Age of Eighteen, etc., Gregory C. (Anonymous), Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
MaGovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Marianne Allegro of counsel), attorney for the children.



Orders, Family Court, Bronx County (Valerie Pels, J.), entered on or about November 1, 2016, which granted petitioner's motion for summary judgment awarding it custody and guardianship of the subject children, unanimously affirmed, without costs.
Family Court's finding that respondent father violated the terms of a March 2014 suspended judgment is supported by a preponderance of the evidence (see Matter of Kendra C.R. [Charles R.], 68 AD3d 467 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 870 [2010]). Respondent repeatedly failed to submit to drug screens and, when he submitted, tested positive for phencyclidine (PCP), among other things.
The court's determination that the children's best interests would be served by terminating respondent's parental rights is supported by a preponderance of the evidence (see e.g. Matter of Mykle Andrew P., 55 AD3d 305 [1st Dept 2008]). The children have resided for several years in a stable foster home, where their physical and emotional needs have been cared for and they are happy and well adjusted, and their foster mother wishes to adopt them. Respondent failed to demonstrate that exceptional circumstances exist warranting an extension of the suspended judgment or that yet another attempt to reunite the family is in the best interests of the children (see e.g. Matter of Justin S. [Nereida V.], 121 AD3d 405 [1st Dept 2014]; Matter of Sjuqwan Anthony Zion Perry M. [Charnise Antonia M.], 111 AD3d 473, 474 [1st Dept 2014], lv denied 22 NY3d 864 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK