Matter of Kaniya D. (Queleen D.) (2018 NY Slip Op 06207)





Matter of Kaniya D. (Queleen D.)


2018 NY Slip Op 06207


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7113

[*1]In re Kaniya D., A Child Under Eighteen Years of Age, etc., Queleen D., Respondent-Appellant, New Alternatives for Children, Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
Law Offices of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 21, 2017, which revoked a March 2, 2016 order suspending judgment for twelve months and terminated respondent mother's parental rights to the subject child, unanimously affirmed, without costs.
The finding that the mother violated the terms of the suspended judgment is supported by a preponderance of the evidence (see Matter of Kendra C.R. [Charles R.], 68 AD3d 467, 467-468 [1st Dept 2009], lv dismissed, lv denied 14 NY3d 870 [2010]). The record showed that she failed to: attend therapy, maintaining that she did not need therapy; submit to drug screens, notwithstanding that her schedule permitted her to do so and maintained that such screens were unrelated to the child; attend all of the child's medical appointments, notwithstanding the child's severe special needs; and visit regularly, often appearing late for visits, which remained supervised (see Matter of Aliyah Careema D. [Sophia Seku D.], 88 AD3d 529 [1st Dept 2011]).
A preponderance of the evidence supports the determination that the child's best interests would be served by terminating the mother's parental rights (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Notwithstanding the mother's arguments, since the last court date, she had supervised visitation on four occasions and did not show that she attended those visits on time or that she understood that her failure to visit regularly had a negative effect on the child (see Matter of Latasha W., 268 AD2d 340 [1st Dept 2000]).
Moreover, although the mother testified to the many services that the child was receiving, there was no indication that she appreciated or understood the extent of the child's severe special needs or how they affected the child's functioning, nor why the child needs to learn to sign and needs physical therapy for her legs and arms, or how her motor skills are affected, which requires therapy. The mother testified that the child is doing well in school, but she did not explain what the child's limitations are or why the child requires a one-to-one caretaker in a school setting.
On this record, despite the suspended judgment period, the mother failed to put the child's needs above her own, thereby allowing the child to remain in foster care for several years (see Matter of Imani J., 29 AD3d 467 [1st Dept 2006], lv denied 7 NY3d 842 [2006], cert denied 549 US 1228 [2007]). Nor did the mother demonstrate having taken any steps toward being able to care for the child.
Moreover, the mother failed to demonstrate that exceptional circumstances exist that would warrant the court's extension of the suspended judgment in the child's best interests (see Matter of Lourdes O., 52 AD3d 203, 204 [1st Dept 2008]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK