Matter of Micah T. (Josette D.) (2019 NY Slip Op 02832)





Matter of Micah T. (Josette D.)


2019 NY Slip Op 02832


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9001

[*1]In re Micah T., A Child Under Eighteen Years of Age, etc., Josette D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 
In re Jahknai K. -C. D., and Others, Dependent Children under Eighteen Years of Age, etc., Josette D., Respondent-Appellant, Children's Aid Society, Petitioner-Respondent.


Larry S. Bachner PC, New York, (Larry S. Bachner of counsel), for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Melissa Wagshul of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.



Order, Family Court, New York County (Clark V. Richardson, J), entered on or about March 16, 2018, which, upon a finding of neglect against respondent mother as to her daughter Micah, awarded custody of Micah to her father, and which found a violation of the suspended judgment and terminated the mother's parental rights as to her children Jahknai, Jericho, and Kymahni, and committed them to the care and custody of the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.
The Family Court's finding that respondent failed to comply with material terms of the suspended judgment is supported by a preponderance of the evidence (see In re Kendra C.R. [Charles R.], 68 AD3d 467 [1st Dept 2009], lv dismissed and denied 14 NY3d 870 [2010]). Respondent failed to ensure that her children attend court-ordered family therapy on a weekly basis (see Matter of Lourdes O., 52 AD3d 203 [1st Dept 2008]), failed to attend required individual therapy, failed to sign releases for the agency to obtain the children's medical records, and failed to attend required conferences with the agency, all of which were required terms of the suspended judgment. In addition, her act of relocating all four children to Florida, and enrolling them in school there, without prior knowledge or approval of the court, or the agency, and failing to provide an accurate address in Florida were violations of the suspended judgment, as the mother was aware that she could not relocate the children before the conclusion of this action.
A preponderance of the evidence supported the Family Court's finding that termination of the mother's parental rights to Jahknai, Jericho, and Kymahni was in these children's best interests, given the evidence that the children were well-cared for in their kinship foster home [*2]and wished to be adopted by their maternal aunt (Kendra C.R., 68 AD3d at 468).
The evidence amply supports Family Court's neglect finding with respect to the child Micah. The mother's untreated mental health condition placed Micah at imminent risk of harm (see Matter of Catherine M. [Catherine L.], 151 AD3d 517, 517 [1st Dept 2017], lv denied 30 NY3d 927 [2017]). The record included evidence that the mother had a diagnosis of personality disorder NOS with narcissistic and borderline traits, but refused to attend individual counseling, and, in the months immediately prior to the petition, made bizarre, delusional statements to the family therapist. Moreover, as noted, the mother impulsively moved herself, Micah, and the other three children to Florida, without providing notice to Micah's father, the agency, or the court. In taking these steps, respondent disregarded Micah's emotional health, as she was suddenly removed from her usual surroundings and prevented from seeing her father, who had been awarded temporary custody and with whom she lived on a regular basis (see Matter of Sayeh R., 91 NY2d 306 [1997]). The evidence provided a sound and substantial basis for the Family Court to find it was in this child's best interests to award custody to the father (see Matter of Bunita B. v Mark P., 166 AD3d 565 [1st Dept 2018]).
Respondent's due process arguments are unavailing in light of the fact that six different attorneys had been appointed to represent her, all of whom were relieved because she refused to work with them, such that she effectively exhausted her right to assigned counsel (see Matter of Montrell A.D. [Miguel D.], 161 AD3d 411, 411-12 [1st Dept 2018], lv denied 31 NY3d 913 [2018]). Moreover, the Family Court sufficiently advised respondent of the risks of self-representation and ensured that her waiver of the right to counsel was made knowingly, willingly, and voluntarily (see Matter of Emma L., 35 AD3d 250, 252 [1st Dept 2006], lv dismissed and denied 8 NY3d 904 [2007]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK